FRANK SEIGER et al., Respondents, *v.* PORT OF NEW YORK AUTHORITY et al., Appellants, et al., Defendant.

First Department, January 28, 1974.

*Richard C. Browne* of counsel (*D'Amato, Costello & Shea,* attorneys), for appellants.

*Evan R. Salmore* of counsel (*Shaftan Friedman Hodys & Salmore,* attorneys), for respondents.

CAPOZZOLI, J. In this case the plaintiff was not working above the planking but was actually kneeling on the planking, doing his work, when a heavy plank fell from above, striking the plank on which he was working, breaking it and catapulting him three stories below. The case of *Gorman* v. *Grand Cent. Bldg.* (29 A D 2d 849, affd. 22 N Y 2d 821) which is relied upon by our dissenting colleague, involved an injured person who, at the time of the accident, was working above the planking, not upon it. Accordingly, it was held that there was planking beneath him, less than one story below, in compliance with section 241-a of the Labor Law. Thus, the factual situation in *Gorman* is obviously different from that presented in the case at bar.

Section 241-a of the Labor Law reads as follows: " Any men working in or at elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the board."

What was the purpose of the Legislature in enacting the above section? Plain logic compels the conclusion that its purpose was to protect the men from being struck by objects falling from high places, and if, for any reason, these men should fall, then their fall would be limited to a maximum of one story and thereby less likely to be injured severely. The case at bar clearly demonstrates the wisdom of the legislation. If the defendants had complied with the legislative mandate and had placed planks not more than one story below the plaintiff, he would have fallen

one story instead of three stories and been less likely to sustain serious injury.

The dissent embraces the argument advanced by the defendants that, since the plaintiff was kneeling on planking, that satisfies the requirement of the statute. As the dissent puts it " There was such a planking and it was not more than one story below where the men were working. In fact it was their immediate support. The literal wording of the statute was complied with exactly."

It is well to remember that the statute here involved should be construed liberally. As was stated in *Red Hook Cold Stor. Co.* v. *Department of Labor* (295 N. Y. 1, 7): " The courts construe such statutes liberally in an endeavor to apply the Labor Law's protections where protection is needed and where the operations conducted are of the sort as to which the Legislature wished to protect employees ".

The language of the court in *Joyce* v. *Rumsey Realty Corp.* (17 N Y 2d 118, 122) is particularly pertinent: " That plaintiff was caused to fall by the breaking of a plank is beside the point. No one is ever physically injured by the existence of an unguarded opening. Something must project him into the hole but that something cannot be more than a concurrent cause of the injury. The statute puts absolute and unconditional liability on the contractor and in favor of the workman who falls through the floor opening which the statute insists must be covered. To hold otherwise would be to deprive the worker of the protection afforded him by the Labor Law."

In *Haskins* v. *City of New York* (28 A D 2d 656, 657) our court said: " section 241-a employs broad and all-inclusive language. Clearly designed to broaden the cloak of protection to all workers engaged in the hazards of work near stairwells, it affects all those having the over-all responsibility for the demolition of a building."

In this last cited case our court directed a verdict for the plaintiff without the necessity of remanding it to the trial court because the evidence before it conclusively showed a violation of the section necessarily resulting in a finding of negligence.

Before ruling on the motion of the defendants to dismiss the complaint in the case at bar, the trial court very aptly said, at page 92 of the record: " It is not within the contemplation of the statute that it be satisfied by the placing of planking, the very planking that the workman is standing on. The whole point and purpose of that section of the Labor Law is to protect a workman from the consequences, either of the planking breaking, as was the case here, or of the workman falling off the planking

and hurtling down below. It certainly would not be satisfaction of the statute if he had been working on the 86th floor and stepped off the planking and hurtled 86 stories below, which would have been uninterrupted."

It should also be noted that not only did the defendants violate that portion of the statute which mandates placing of planking not more than one story below where men are working, but also the portion that directs that planking should also be placed not more than two stories above them. The record stands uncontradicted that the overhead planking was placed three stories above the plaintiff (record p. 38), in violation of the statute.

The judgment, Supreme Court, New York County, entered on March 22, 1973 (GREENFIELD, J.), adjudging and decreeing that plaintiff, Frank Seiger, have judgment on the issue of liability against defendants, the Port of New York Authority and Tishman Realty and Construction Co. Inc., and permitting a discontinuance without prejudice of the action against defendant, Karl Koch Erecting Co. Inc., should be affirmed, with costs.

STEUER, J. (dissenting). The defendant Port of New York Authority was the owner of, and the defendant Tishman Realty and Construction Co. was the general contractor for, the World Trade Center Building. Plaintiff was an employee of Otis Elevator Company, a subcontractor. At the time of the accident he was working in an elevator shaft. The shaft had been planked over and plaintiff was kneeling on the planking. A falling object from above hit and broke one of the planks and plaintiff fell from the planking down the shaft, a distance of about 30 feet or 3 stories. There was no planking in the shaft other than the platform on which plaintiff was working. The court held that the absence of any planking covering the shaft opening on any floor beneath the floor on which plaintiff was working was a violation of section 241-a of the Labor Law and directed the jury to find a verdict against the above-described defendants on the issue of liability. A cause of action against a third defendant alleged to have dropped the object which broke the plank was allowed to be discontinued without prejudice.

It is quite clear and undisputed that the sole ground upon which liability was determined was the absence of planking beneath the platform on which plaintiff was working. Nor is it disputed that the platform upon which plaintiff was working consisted of sound planking at least two inches thick laid across the shaft opening. The issue therefore is, does section 241-a of the Labor Law require a shaft covering below a shaft covering on which men are working. I submit that neither in the wording of the section itself, nor in the interpretation by the courts, nor,

in the light of the hazard that the section was designed to obviate, is there any such requirement.

The statute, stripped of verbiage not applicable to the exact situation, reads: " Any men working in  *  *  *  elevator shaftways  *  *  * of buildings in course of construction  *  *  * shall be protected by sound planking at least two inches thick laid across the opening at levels not more than  *  *  * one story below such men ". There was such a planking and it was not more than one story below where the men were working. In fact it was their immediate support. The literal wording of the statute was complied with exactly.

As to interpretation, no case has been called to our attention where liability has been imposed where the plaintiff was actually working on planking which conformed to the statute. And in the sole case where the same situation was involved this court held there was no statutory violation (*Gorman* v. *Grand Central Bldg.*, 29 A D 2d 849, affd. 22 N Y 2d 821).

Furthermore, the logic of the situation makes this the only possible interpretation. Obviously the statute recognizes the the danger to men working in or about shaftways, stairwells and like openings where they are liable to fall. It is designed to minimize the effect of such falls. If there is no opening the hazard is not presented. Where the shaftway is in effect closed by the planking the situation is exactly the same as if the men were employed on an unbroken surface. Protection is afforded by the specification of the planking required to be installed. Plaintiff in his argument concedes that if he had climbed one foot above the shaftway covering, the existing planking would have been all that the statute required, but because he was in a safer place, namely, on the planking itself, an additional stage was mandated. Such is not my interpretation.

I would reverse the judgment and remand for a new trial on the issue of liability.

McGIVERN, P. J., and MURPHY, J., concur with CAPOZZOLI, J.; STEUER, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on March 22, 1973, affirmed. Respondents shall recover of appellants $60 costs and disbursements of this appeal.