## (August 25, 1983)

■ In the Matter of THOMAS E. HENRY, III, et al., Respondents, v HENRY M. TUTUNJIAN et al., Constituting the Board of Elections of Rensselaer County, Respondents, and ANDREW J. PYTELL, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered August 5, 1983 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to require that an election be held for the office of Mayor of the City of Rensselaer at the November 8, 1983 general election. This is a CPLR article 78 proceeding brought to compel the Rensselaer City Clerk to transmit a certificate to the Rensselaer County Board of Elections stating that the office of Mayor of the City of Rensselaer is to be voted for at the 1983 general election (see Election Law, § 4-106, subd 2). It stems from the succession to the office of Mayor of the City of Rensselaer by Edward Finlan, who was president of the city's common council, on May 4, 1983 following the conviction for official misconduct and obstructing governmental administration of Thomas Henry, the city's Mayor since his election to that office at the 1981 general election. Finlan assumed the duties of the Mayor's office pursuant to

section 46 of the Rensselaer City Charter, which provides that he shall continue to act as Mayor "until noon of the first day of January next succeeding the election at which the mayor's successor shall be chosen". At issue in this proceeding is whether section 46 of the city charter falls within the narrow exception contained within a State statute which provides that, under certain circumstances conceded by all parties to be present in the case at bar, the president of the common council will serve as Mayor for the remainder of the Mayor's elected term (General City Law, § 2-a, subd 1). A 1980 amendment (L 1980, ch 191, § 1) to section 2-a (subd 3, par b) of the General City Law contains an exception to this general rule and provides that: "a city charter provision in effect before November fifth, nineteen hundred seventy-five which provides for a vacancy in the office of mayor to be filled in at the next general election if the vacancy occurs before the twentieth day of September and otherwise in the general election held in the following year shall prevail over this section and a vacancy in the office of mayor shall be filled as provided in such charter provision." Petitioners contend that the Rensselaer City Charter provisions fall within this exception and require that the office be filled at this year's general election. Respondent Pytell's position* is that the general rule of subdivision 1 of section 2-a of the General City Law applies and that the office of Mayor will not be voted on until the 1985 general election. Special Term correctly construed section 46 of the Rensselaer City Charter as requiring that the office of Mayor be filled at the next general election if the vacancy occurs prior to September 20 and otherwise at the general election to be held in the ensuing year (see Public Officers Law, § 42, subd 1; Election Law, § 6-158, subd 14; *Matter of O'Connell v Corscadden,* 243 NY 86; *Matter of MacAdams v Cohen,* 236 App Div 361, affd 260 NY 559). Accordingly, the exception contained in section 2-a (subd 3, par b) of the General City Law is applicable and the office of Mayor of the City of Rensselaer should be filled at the November 8, 1983 general election pursuant to the provisions of the city charter. This decision is not inconsistent with the recent holding of the Fourth Department in *Matter of Radich v Council of City of Lackawanna* (93 AD2d 559), wherein subdivision 1 of section 2-a of the General City Law was applied to determine the successor to the office of Mayor in the City of Lackawanna despite a conflicting provision in the city charter. In *Radich (supra),* however, unlike the situation at bar, the exception contained in section 2-a (subd 3, par b) was held not to apply since the applicable provision of the Lackawanna City Charter provided for mayoral succession by appointment rather than election at the next general election. In view of our holding that section 2-a of the General City Law does not apply to this case due to the exception contained within the statute, we need not address petitioners' arguments regarding the constitutionality of the statute. We also decline to discuss the issue regarding petitioner Henry's eligibility to run as a candidate in the election we are ordering, since that issue was neither raised by the pleadings nor argued before Special Term. Finally, respondent Pytell's challenge to the ability of petitioner Yavornitzki to bring this proceeding due to his failure to verify the petition is academic. Since there is no dispute that petitioner Henry verified the petition and that he is a resident of the City of Rensselaer, a taxpayer and a registered voter in the city, it is clear that at least one of the petitioners has properly commenced this proceeding and a ruling regarding whether petitioner Yavornitzki is properly a party will have no effect on the relief granted in this proceeding. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

---

* Respondent Pytell, who is the Rensselaer City Clerk, is the sole respondent remaining in this proceeding following Special Term's action dismissing the petition against the members of the board of elections.