OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
General City Law § 2-a (1) governs mayoral succession in cities where the Mayor and Common Council President (or comparable officer) are elected citywide and hold office in tandem. The law provides that upon resignation of the Mayor, the powers and duties of the mayoralty devolve upon the Common Council President “for the residue of the term” (General City Law § 2-a [1]). The statute, however, contains an exception. To qualify for the exception, a city charter provision must have been enacted prior to November 5, 1975 and provide “for *883 a vacancy in the office of mayor to be filled in at the next general election if the vacancy occurs before the twentieth day of September and otherwise in the general election held in the following year” (General City Law § 2-a [3] [b]). Because Utica City Charter § 2.023 (c) does not fit within the exception, the successorship provision of General City Law § 2-a (1) governs. To the extent that Matter of Henry v Tutunjian (96 AD2d 1009) is inconsistent with our holding today, it should not be followed.
The legislative history of General City Law § 2-a (3) (b) leaves no doubt as to the limited purpose of the exception (see, Bill Jacket, L 1980, ch 191). It was drawn specifically to rectify an inconsistency between the General City Law and the New York City Charter (see, Sponsor’s Mem, Bill Jacket, L 1980, ch 191). The Legislature did not enact the exception to invite local departures from the State-wide design for mayoral succession set forth in General City Law § 2-a (1).
Finally, we reject petitioner’s constitutional challenge. This Court has held that “Section 2-a of the General City Law is a proper exercise of legislative power in an area of Statewide significance and, therefore, does not implicate the home rule provisions of article IX of the Constitution” (see, Radich v Council of City of Lackawanna, 61 NY2d 652, 654).
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, without costs, in a memorandum.