■ In the Matter of EDWARD REVERE, Respondent, v ROBERT SULLIVAN, as Utica City Clerk, et al., Appellants. [719 NYS2d 788] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition seeking a judgment pursuant to CPLR article 78 compelling respondent Utica City Clerk to file a certificate with the Oneida County Board of Elections directing that the office of Mayor for the City of Utica be placed on the ballot for the year 2000 general election. General City Law § 2-a (1) provides in relevant part that, when the mayor and president or presiding officer of the local legislative body are elected at the same time for the same term by the electors of the entire city, upon resignation of the mayor, the president or presiding officer shall serve as mayor "for the residue of the term". The court erred in determining that Utica City Code § 2.023 (c) falls within the exception to General City Law § 2-a (1) set forth in General City Law § 2-a (3) (b). That statutory exception must be strictly construed, and "all doubts should be resolved in favor of the general provision rather than the exception" (*Matter of Radich v Council of City of Lackawanna*, 93 AD2d 559, 562, *affd* 61 NY2d 652; *see*, McKinney's Cons Laws of NY, Book 1, Statutes § 213; *Van Amerogen v Donnini*, 78 NY2d 880, 882). Pursuant to General City Law § 2-a (3) (b), the mayoral replacement provisions of section 2-a (1) apply notwithstanding any inconsistent local law, ordinance or city charter, "except that a city charter provision in effect before November fifth, nineteen hundred seventy-five which provides for a vacancy in the office of mayor to be filled in at the next general election if the vacancy occurs before the twentieth day of September and otherwise in the general election held in the following year shall prevail over this section". Utica City Code § 2.023 (c) provides: "Any vacancy in an elected office occurring before October 15 in any year shall be filled for the unexpired term at the city election held next thereafter unless otherwise provided by law or unless previously filled at a special election." The Utica City Code provision differs materially from the statutory exception set forth in General City Law § 2-a (3) (b) in that a different date is specified. Additionally, the vacancy replacement provision of Utica City Code § 2.023 (c) is inapplicable when "otherwise provided by law", and thus the Utica

City Code expressly defers to the vacancy replacement provision of General City Law § 2-a (1). Because the Utica City Code provision does not strictly comply with the statutory exception set forth in General City Law § 2-a (3) (b), section 2-a (1) of General City Law governs. Thus, resigning Mayor Edward A. Hanna was properly succeeded by the president of the Common Council, who assumed the powers and duties of mayor "for the residue of the term" (General City Law § 2-a [1]; *see, Matter of Radich v Council of City of Lackawanna, supra,* at 560; *cf., Matter of Henry v Tutunjian,* 96 AD2d 1009). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—CPLR art 78.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Kehoe, JJ. (Filed Aug. 23, 2000.)