■ RONALD KELLMAN et al., Appellants, v PHELPS DODGE REFINING CORPORATION et al., Respondents.—In an action to recover damages for personal injuries, etc., arising out of alleged breaches of Labor Law §§ 200, 240 and 241, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 1, 1985, which denied their motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240.

Order reversed, on the law, with costs, partial summary judgment granted to plaintiff Ronald Kellman on the second cause of action asserted in the verified complaint and matter remitted to the Supreme Court, Kings County, for further proceedings.

An examination of the affirmation submitted on behalf of the defendants in opposition to the plaintiffs' motion for partial summary judgment indicates that the defendants have failed to meet their obligation to tender evidentiary proof in admissible form which would raise a triable issue of fact. Firstly, the affirmation was made by an attorney without personal knowledge of the facts, and as such is without evidentiary value *(see, Zuckerman v City of New York,* 49 NY2d 557). Secondly, both the affirmation and its attachments

fail to provide any evidence controverting or denying plaintiffs' version of the facts, apart from conclusory allegations that plaintiff Ronald Kellman's story is incredible and that plaintiffs have failed to establish a claim under Labor Law § 240. Such conclusory allegations are not sufficient to defeat a motion for summary judgment (see, Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338). On the other hand, plaintiffs' motion meets the requirements of CPLR 3212 (b) and asserts, in admissible form, all the facts necessary to make out a claim under Labor Law § 240 (1).

Defendants claim that they could have tendered evidence in admissible form if discovery were allowed to continue and if they could depose a witness who allegedly made a previous statement contradicting the injured plaintiff's version of how the accident occurred. However, the alleged statement upon which defendants intend to rely would only permit a finder of fact to conclude that the injured plaintiff's own negligence may have contributed to the happening of the accident. A violation of Labor Law § 240 (1) imposes absolute liability, and comparative negligence is not a defense to such a claim (Bland v Manocherian, 66 NY2d 452; Zimmer v Chemung County Performing Arts, 65 NY2d 513). Since a deposition of the witness in question would not disclose any facts essential to defendants' opposition to the motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), that motion should have been granted. Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.