■ JEAN A. REGION, as Administratrix of the Estate of GROVER J. REGION, Deceased, Respondent, v W. J. WOODWARD CONSTRUCTION, INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.)—Mahoney, P. J.

On November 6, 1982, defendant William J. Woodward (hereinafter Woodward) entered into a written contract with defendant W. J. Woodward Construction, Inc. (hereinafter Woodward Construction) for the construction of a building upon real property owned by Woodward and located in an industrial park in Ulster County. Woodward Construction, in turn, entered into a written subcontract agreement with third-party defendant Forrest W. McBrearity, doing business as McBrearity's Metal Building Erectors, for the erection of the structural portion of the building. Plaintiff's decedent, Grover J. Region, was employed as an ironworker by McBrearity.

On November 18, 1982, decedent was electrocuted while helping McBrearity move stacks of steel building materials known as purlins. At the time of the accident, McBrearity was operating a mobile crane which he had rented from defendant Ralph C. Herman Company, Inc. Prior to the mishap, the purlins had been placed beneath the high tension electric lines of defendant Central Hudson Gas & Electric Corporation. When decedent sought to attach a hook suspended from a cable attached to the boom of the crane to a stack of purlins so that McBrearity could lift the stack and move it to another location by use of the crane, the cable came into contact with the electric lines.

Plaintiff, the administratrix of decedent's estate, commenced this action against numerous defendants, including Woodward and Woodward Construction. These two defendants, in turn, asserted third-party claims against McBrearity. After joinder of issue, plaintiff moved for partial summary judgment against Woodward and Woodward Construction on the issue of liability pursuant to Labor Law § 240. McBrearity cross-moved for summary judgment dismissing the third-party complaint against him. Woodward cross-moved for partial summary judgment against McBrearity on the issue of liability under Labor Law § 240, should plaintiff's motion be granted. Woodward Construction also sought indemnification against McBrearity. Supreme Court granted plaintiff's motion and denied the cross motions, except as to that portion of the cross motions of Woodward and Woodward Construction relating to McBrearity's liability, with the extent of the liability to be determined at trial. Woodward and Woodward Construction appeal.

Labor Law § 240 (1), in pertinent part, provides: "All contractors and owners * * * who contract for but do not direct or control the work, in the erection, demolition * * * of a building or structure shall furnish or erect * * * scaffolding, hoists * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Violation of the statute results in absolute liability for injuries proximately caused as a consequence thereof *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 518-519). The statute's purpose "is to place responsibility for maintaining safeguards for the protection of workers in positions of great risk upon those parties considered best suited to provide such safeguards" *(Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, 210; *see, Bland v Manocherian,* 66 NY2d 452, 461).

In the case at bar, decedent was fatally injured when the cable attached to the crane boom came into contact with the electric wires overhead. Plaintiff's action pursuant to Labor Law § 240 (1) rests upon defendants' failure to take appropriate measures to ensure the safe operation of the crane. The affidavit of plaintiff's expert, submitted in support of her motion for summary judgment, particularizes the safety measures normally undertaken. They include, *inter alia,* (1) de-energizing the high voltage electric current during crane operation, (2) insulating the electric lines as well as crane cable, hook and boom, (3) erecting physical barricades to prevent the crane from entering into an unsafe zone, (4)

installing proximity sensing devices to give notice to the crane operator of closeness to the electrical field, and (5) providing workers with insulated clothing and equipment. Defendants did not employ any of the aforementioned safety measures.

Inasmuch as the crane was being used as a hoist to lift stacks of purlins at the time of decedent's accident, we hold that the provisions of Labor Law § 240 (1) were applicable. The statute specifically requires that hoists be so "placed and operated as to give proper protection" to employees (Labor Law § 240 [1]). The placement and operation of the crane under the electric lines without proper safety precautions clearly violated this provision (see, *Kahn v Gates Constr. Co.,* 103 AD2d 438; *Carinha v Action Crane Corp.,* 58 AD2d 261; *Ploof v B.I.M. Truck Serv.,* 53 AD2d 750, *lv denied* 40 NY2d 803) and " 'was a substantial cause of the events which produced the injury' " *(Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 470, quoting *Derdiarian v Felix Constr. Corp.,* 51 NY2d 308, 315). Significantly, defendants' papers in opposition consist primarily of affidavits by attorneys who do not have personal knowledge of the facts. Such evidence is not competent proof on a motion for summary judgment *(see, Kellman v Phelps Dodge Ref. Corp.,* 117 AD2d 651).

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.