■ CHRISTINE LAMBERSON, Individually and as Executrix of DOUGLAS A. LAMBERSON, Deceased, Respondent, v PAUL K. Y. CHEN et al., Defendants, and PLANDOME PROPERTY ASSOCIATES, INC., et al., Appellants.—Order, Supreme Court, New York County (Martin Evans, J.), entered June 5, 1987, which denied defendants-appellants' motion for summary judgment, unanimously modified, on the law, to grant partial summary judgment dismissing the third and fourth causes of action, alleging violations of Labor Law §§ 200, 240 and 241, and as so modified, the order is affirmed, without costs.

To be permitted to bring an action under Labor Law § 240, it is necessary that the plaintiff be in the employ, not that he or she merely has permission to be on the premises, and is performing an act that is such as might be done by one who is employed by the owner of the property. (Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971; see also, Alver v Duarte, 80 AD2d 182; Yearke v Zarcone, 57 NY2d 457, lv denied 43 NY2d 643.) The measuring of a roof to formulate a free estimate is insufficient, as a matter of law, to create an employer-employee relationship between the landowner and the estimating firm's agent. (Chabot v Baer, 82 AD2d 928, 929, affd 55 NY2d 844.) The acts of plaintiff are those of a volunteer and, therefore, are not within the scope of activities

designed to be protected by the labor laws. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Smith, JJ.