■ NORMAN J. MORDKOFSKY, Appellant, v V.C.V. DEVELOPMENT CORP., Respondent.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered March 3, 1988, which, *inter alia,* dismissed the second cause of action under Labor Law §§ 200 and 241, unanimously modified, on the law, to reinstate the second cause of action, and otherwise affirmed, without costs.

Plaintiff-appellant, the contract vendee of a house that was being custom built, was injured when the deck of the house gave way while he was inspecting the progress of the work. Appellant brought this suit to recover for the serious injuries he sustained in the fall, alleging negligence by defendant-respondent, as a first cause of action, and violation of Labor Law §§ 200 and 241, as a second cause of action. Respondent moved for a change of venue from New York County and appellant cross-moved for summary judgment dismissing the answer, and for an immediate trial of the issue of damages. The court found that respondent was not entitled to a change of venue as of right because the motion was untimely under CPLR 511 (b) and the motion, insofar as it was addressed to the court's discretion under CPLR 510 (3), was denied without prejudice to renew.

Appellant's cross motion for summary judgment was also denied and the second cause of action predicated on Labor Law §§ 200 and 241 dismissed because Supreme Court found that appellant was not within the class of persons protected by those sections of the Labor Law which were enacted "specifically for the protection of workers". On appeal, appellant contends that unlike section 240 of the Labor Law, the protection afforded by section 200 (1) and section 241 (6) extends to anyone "lawfully frequenting" an area in which construction work is being performed. Upon review of the case law and legislative history we must agree with appellant's reading of the statute. In 1962 the Legislature repealed all seven subdivisions of section 241 and replaced them with a single paragraph, the first sentence of which has survived subsequent amendment and now appears as subdivision (6) thereof. That sentence requires that construction sites be operated and conducted "as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." The purpose of the 1962 change in the law was "to improve existing safety standards in the Labor Law by providing protection *to employees and the public* in open areas". (1962 NY Legis Ann, at 217.) This expanded coverage was noted by the Third Department in *Corbett v Brown* (32 AD2d 27, 31 [1969]): "[a]lthough present section 241 does provide for the protection of a special class, namely employees, it does not do so exclusively, as it also provides for the protection of anyone lawfully frequenting the premises." When section 241 was revised in 1969 by the repeal and reenactment of this provision as subdivision (6) thereof, this language expanding coverage to the class of persons

protected remained unchanged. Statutes which repeal and then substantially reenact the prior law "shall be construed as a continuation of such provisions of such prior law * * * and not as new enactments." (General Construction Law § 95.)

Supreme Court's reliance on *Whelen v Warwick Val. Civic & Social Club* (63 AD2d 646 [2d Dept 1978], *affd* 47 NY2d 970 [1979]) and *Yearke v Zarcone* (57 AD2d 457 [4th Dept 1977], *lv denied* 43 NY2d 643), construing the provisions of Labor Law § 240 to exclude volunteers who offer casual assistance to a neighbor or friend, was misplaced. As already noted, the scope of coverage under section 241 (6) is broader than under section 240. To the extent that *Alver v Duarte* (80 AD2d 182 [3d Dept 1981]) holds to the contrary, we decline to follow it. In that case, the court reasoned that "had the Legislature intended to expand the class of individuals to be covered by section 241, it would have done so expressly." *(Supra,* at 183.) In the legislative history cited above, this intention to expand protection to the public was expressed by the Legislature in 1962 and the identical statutory language was retained after subsequent amendment of section 241 by the Legislature. Thus, the purpose of providing protection to employees and the public must also be deemed continued by the unchanged language of subdivision (6).

We also note that this court in *Lamberson v Chen* (141 AD2d 422 [1st Dept 1988]) rejected a claim by a nonemployee under section 240, even though the plaintiff also alleged violations of sections 200 and 241. To the extent that *Lamberson* may be interpreted to reject a nonemployee's claim under sections 200 and 241, we decline to follow it.

Based upon the foregoing, we conclude that Labor Law § 241 (6) does protect persons, like appellant, lawfully frequenting a construction site. We therefore reinstate the second cause of action in the complaint. Concur—Sullivan, J. P., Milonas, Rosenberger and Wallach, JJ.