■ ROBERT FARRELL, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—In an action to recover dam-

ages for personal injuries, based, *inter alia,* upon an alleged violation of Labor Law § 240, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated December 12, 1988, as denied his motion for summary judgment against the respondents and for an inquest as to damages.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, payable by the respondents appearing separately and filing separate briefs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Kings County, for an inquest as to damages.

On June 10, 1986, the plaintiff, a mechanical inspector, was working at the Red Hook Water Pollution Control Project in Brooklyn, New York. He sustained personal injuries when a wooden plank on which he was walking gave way. The plaintiff commenced the instant action and thereafter moved for partial summary judgment against the defendants-respondents in their respective capacities as owner of the premises, and the members of a joint venture acting as general contractor for the project. The plaintiff attempted to impose liability based upon the provisions of Labor Law § 240. The Supreme Court denied the plaintiff's motion. Since there are no material issues of fact warranting a trial, we reverse the Supreme Court's determination.

Labor Law § 240 imposes absolute liability upon an owner or contractor or their agents for injuries proximately caused by a failure to provide proper protection to a worker performing certain types of work *(see, Bland v Manocherian,* 66 NY2d 452; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513). To this end, the statute requires that owners and contractors furnish, or cause to be furnished, "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]). The defendants-respondents do not dispute the circumstances surrounding the accident, the condition of the plank from which the plaintiff fell, or the cause of the plaintiff's injuries. Instead, they maintain that summary judgment must be denied since there exist factual issues as to whether the plank which collapsed beneath the plaintiff can be classified as a "scaffold" within the meanings of Labor Law § 240. The structure was comprised of planking 10 feet long, 10 inches wide and 2 inches thick. Under these circumstances, we find as a matter of law that this device falls within the ambit of

the statute *(see, Evans v Nab Constr. Corp.,* 80 AD2d 841; *see also, Drew v Correct Mfg. Corp.,* 149 AD2d 893).

In addition, contrary to defendants-respondents' contentions, the plaintiff is entitled, as a matter of law, to the protection of Labor Law § 240. It was uncontested that the plaintiff was hired by the owner, permitted to work at the premises, and did not offer his services gratuitously *(see,* Labor Law § 2 [7]; *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970; *cf., Karaktin v Gordon Hillside Corp.,* 143 AD2d 637; *Lamberson v Chen,* 141 AD2d 422).

In light of the foregoing, summary judgment was an appropriate remedy and should have been granted to the plaintiff *(see, Braun v Dormitory Auth.,* 118 AD2d 614; *Kellman v Phelps Dodge Ref. Corp.,* 117 AD2d 651). Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.