■ RICHARD MERANTE, Respondent, v IBM et al., Appellants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, based, *inter alia,* upon an alleged violation of Labor Law § 240, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered July 7, 1989, as granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 9, 1987, the plaintiff, a structural ironworker, was employed in the construction of an office building owned by the defendant IBM. He sustained personal injuries when, while moving a welding cable along the exposed structural beams at the site, he tripped over a reinforcement bar and fell approximately 20 feet to the ground. The plaintiff subsequently commenced the instant action against both IBM and Mellon Stuart, the general contractor of the construction project, seeking to impose liability against them pursuant to the provisions of Labor Law § 240. The plaintiff thereafter moved for partial summary judgment on the issue of liability, and the Supreme Court granted his motion, concluding, as a matter of law, that the defendants had failed to provide "proper protection" at the worksite as required by Labor Law § 240, and that the defendants' failure to provide such protection was the proximate cause of the plaintiff's injuries. We agree.

Labor Law § 240 imposes absolute liability upon an owner or contractor or their agents for injuries proximately caused by a failure to provide proper protection to a worker performing certain types of work *(see, Bland v Manocherian,* 66 NY2d 452; *Farrell v City of New York,* 162 AD2d 655). To this end, the statute requires that owners and contractors furnish, or cause to be furnished, "scaffolding, hoists, stays, ladders,

slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1] ). The defendants at bar, however, neither dispute the circumstances surrounding the accident, nor controvert the plaintiff's claim that no netting or scaffolding was in place to break his fall. Moreover, while the defendants contend that safety belts were provided at the site, the effectiveness of these belts was negated by the fact that no safety lines were furnished to which these belts could be attached. Although the defendants nevertheless maintain that factual issues exist as to whether the presence of certain other safety devices at the worksite provided proper protection, none of these other devices could have broken the plaintiff's fall. Under these circumstances, we agree with the Supreme Court that the defendants have failed to raise a triable issue of fact concerning whether proper protection was provided in accordance with the Labor Law. Consequently, the defendants are liable for the plaintiff's injuries as a matter of law.

In light of the foregoing, partial summary judgment was an appropriate remedy and was properly granted to the plaintiff (see, Braun v Dormitory Auth., 118 AD2d 614; Farrell v City of New York, supra).

We have examined the defendants' remaining contentions, and find that they are without merit. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.