■ JAMES FRIERSON, Appellant, v CONCOURSE PLAZA ASSOCIATES et al., Respondents. (And a Third-Party Action.)—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered March 19, 1992, which, *inter alia,* denied plaintiff's cross-motion for partial summary judgment, is unanimously modified, on the law, to the extent of granting plaintiff's cross-motion for partial summary judgment on the issue of liability against defendants Concourse Plaza Associates and B.J.R. Construction Corp., and otherwise affirmed, with costs and disbursements payable to plaintiff.

Plaintiff was employed as a bricklayer by third-party defendant LaSala Construction Company on a construction project, in which the premises were owned by defendant Concourse Plaza, and, for which, defendant B.J.R. was the general contractor. Defendant Waldbaum was a tenant in the space under construction. Plaintiff was standing on a scaffold when it collapsed causing plaintiff to fall several stories, allegedly sustaining bodily injuries.

After plaintiff filed a note of issue and statement of readiness in October of 1991, defendant Waldbaum moved to strike the note of issue and for related relief. The plaintiff cross-moved for partial summary judgment, on the issue of liability pursuant to Labor Law § 240 (1), submitting his affidavit and that of a co-worker who had observed the accident. Defendant Waldbaum cross-moved for severance of its third-party action and cross-claims, if the plaintiff's cross-motion were granted, on the basis it was not subject to strict liability under Labor

Law § 240 (1) since it was only a tenant, not an owner or contractor. Defendants Concourse Plaza and B.J.R. cross-moved to dismiss the note of issue. The IAS Court granted the motion to strike the note of issue but denied plaintiff's cross-motion for partial summary judgment.

The IAS Court properly struck the note of issue on the basis that all discovery had not been completed, and the plaintiff's statement of readiness erroneously stated that it had been completed. Further, plaintiff did not furnish an acceptable excuse for the incorrectness of the certificate of readiness *(see, Savino v Lewittes,* 160 AD2d 176, 177-178).

However, the IAS Court should have granted plaintiff's cross-motion, on the issue of liability, against Concourse Plaza and B.J.R. These defendants opposed plaintiff's cross-motion with an affirmation from counsel asserting that it remained an issue of fact whether the beam/plank from which plaintiff fell was a "scaffold". While it is true that whether or not a device is a scaffold would ordinarily be a factual issue, plaintiff, by the submission of affidavits, established that he was working four or five stories above the ground, on a structure consisting of wooden planks supported by a cross beam, and that this device collapsed when the support beam gave way. This showing by the plaintiff was enough to support a prima facie case that the structure *was* a scaffold as a matter of law *(see, Farrell v City of New York,* 162 AD2d 655, 656-657).

In any event, defendants failed to "submit evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" *(Indig v Finkelstein,* 23 NY2d 728, 729). The attorney's affirmation setting forth factual and legal conclusions was insufficient to demonstrate a material issue of fact *(see, Tobron Off. Furniture Corp. v King World Prods.,* 161 AD2d 355, 357).

Neither can Concourse Plaza and B.J.R. avoid summary judgment by claiming a need for discovery. The "mere hope" of defendants that evidence sufficient to defeat such a motion may be uncovered during the discovery process is not enough *(Jones v Gameray,* 153 AD2d 550, 551). Defendants were bound to show there was a likelihood of discovery leading to such evidence, i.e., that facts "may" exist but cannot be stated at that time (CPLR 3212 [f]). This they failed to do. Moreover, the fact that defendants had not completed discovery did not foreclose the grant of summary judgment to plaintiff *(see, Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026). Indeed, we note that virtually all the discovery sought by

defendants was medical in nature, relevant only to the issue of damages.

The IAS Court properly denied the plaintiff's motion for summary judgment, however, with respect to defendant Waldbaum. Said defendant is a lessee and there was no showing, upon the plaintiff's cross-motion, that Waldbaum had the right to control the work. The "owners" who are contemplated by the Legislature under Labor Law § 240 (1) are those parties with a property interest who hire the general contractor. "It is the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed." *(Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 114.) Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.