■ CHARLES FIGUEROA et al., Appellants, v MANHATTANVILLE COLLEGE, Defendant and Third-Party Plaintiff-Respondent. NICHOLSON & GALLOWAY, INC., Third-Party Defendant-Respondent. [598 NYS2d 77] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated April 18, 1991, which denied their motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with one bill of costs, the plaintiffs' motion for partial summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

On the morning of August 21, 1989, the plaintiff Charles Figueroa was seriously injured when he fell 35 to 40 feet to the ground from a ladder affixed to the water tower building on the Manhattanville College campus in Purchase, New York. The injured plaintiff and his wife subsequently commenced this action to recover damages for personal injuries against Manhattanville College, which then commenced a third-party action against the injured plaintiff's employer. Following the completion of depositions, the plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1), submitting evidentiary proof that the subject ladder violated administrative safety regulations in several respects, that the injured plaintiff had been furnished with no safety equipment to prevent a fall while ascending the ladder, and that the ladder itself was equipped with no features designed to break a worker's fall. The Supreme Court denied the plaintiffs' motion for partial summary judgment, finding that an issue of fact existed because the defendant and the third-party defendant alleged that the injured plaintiff might have actually fallen from the roof of the water tower building and not from the ladder. We now reverse.

Labor Law § 240 (1) imposes absolute liability upon an owner or contractor or their agents for injuries proximately caused by a failure to provide proper protection to a worker performing certain types of work (see, Bland v Manocherian, 66 NY2d 452; Merante v IBM, 169 AD2d 710). To this end, the statute requires that owners and contractors furnish, or cause to be furnished, safety devices, such as ladders, which are "so

constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Merante v IBM, supra).* At bar, the plaintiffs' submissions in support of summary judgment were sufficient to meet their initial burden of demonstrating that the defendant owner violated Labor Law § 240 (1), and that the violation was a contributing cause of the plaintiffs' injuries *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292; *Merante v IBM, supra).* In opposing summary judgment, however, the defendant submitted only an attorney's affirmation theorizing that the injured plaintiff might not have actually fallen from the ladder, primarily because certain medical records prepared upon the injured plaintiff's arrival at St. Agnes Hospital did not specify that he fell from a ladder. However, the plaintiffs additionally submitted an affidavit from the emergency room nurse who authored the entry upon which the defendant relied, as well as an affirmation from an emergency room doctor, indicating that the injured plaintiff informed them that he fell from the ladder of the water tower building, and that they did not specifically refer to the ladder in the records because it was not medically relevant. While we have been reluctant to grant summary judgment where the injured plaintiff is the sole witness to the accident, "absent a showing, other than mere speculation, that a bona fide issue exists as to plaintiff's credibility" *(Urrea v Sedgewick Ave. Assocs.,* 191 AD2d 319), we find no basis to deny the motion under the circumstances of this case *(see, Walsh v Baker,* 172 AD2d 1038; *cf., Donohue v Elite Assocs.,* 159 AD2d 605). Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.