■ ELI GOLDBERGER, Respondent, v BRICK & BALLERSTEIN, INC., et al., Defendants, and J.M. FREDERICK CONSTRUCTION, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. ESSENTIAL ELECTRIC CORPORATION, Third-Party Defendant-Respondent. [629 NYS2d 813] —In an action to recover damages for personal injuries, etc., the defendants J.M. Frederick Construction, Inc., and J.M.F. Construction Corp. appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), entered January 7, 1994, as granted the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

It is well settled that in order to obtain summary judgment the movant must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). The burden then shifts to the opponent to come forward with some proof in admissible form that there are genuine issues of material fact which preclude the granting of summary judgment *(see, Israelson v Rubin,* 20 AD2d 668, *affd* 14 NY2d 887).

At bar, the plaintiff's submission in support of summary judgment was sufficient to meet his initial burden to sustain a prima facie case *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292; *Merante v IBM,* 169 AD2d 710). Thereafter, in opposition, the appellants submitted an affidavit by a witness creating a genuine issue of material fact as to whether the third-party defendant Essential Electric Corporation complied with the provisions of Labor Law § 240 (1) by providing safety devices so placed as to give proper protection to the plaintiff on the day of the accident *(see,* Labor Law § 240 [1]; *Bland v Manocherian,* 66 NY2d 452; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Figueroa v Manhattanville Coll.,* 193 AD2d 778; *Merante v IBM, supra).*

Accordingly, we find that the Supreme Court erred in granting summary judgment on the issue of liability in favor of the plaintiff. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.