■ ORLANDO FRESSE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [657 NYS2d 330] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Goldberg, J.), dated April 3, 1996, as denied that branch of their motion which was for partial summary judgment on the issue of liability on so much of the second cause of action as asserted a violation of Labor Law § 240 (1), with leave to renew upon the completion of discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for partial summary judgment on the issue of liability on so much of the second cause of action as asserted a violation of Labor Law § 240 (1) insofar as asserted against the defendant City of New York, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in denying that branch of the plaintiffs' motion which was for partial summary judgment on the issue of liability under Labor Law § 240 (1) insofar as that portion of the second cause of action was asserted against the defendant City of New York. The unrebutted proof submitted by the plaintiffs established that the plaintiff Orlando Fresse was engaged in construction work at a building which the City admittedly owned, that no safety devices whatsoever had been supplied, and that he fell approximately 15 feet from the roof. The plaintiffs, therefore, established a prima facie violation of Labor Law § 240 (1) by the defendant City of New York (*see, Iannelli v Olympia & York Battery Park Co.,* 190 AD2d 775; *Merante v IBM,* 169 AD2d 710), and the City failed to meet its burden of coming forward with evidentiary proof in admissible form to establish the existence of a triable issue of fact, or to demonstrate an acceptable excuse for its failure to do so. The City submitted only affirmations of counsel with no personal knowledge of the accident, and which contained mere speculation and surmise as to the cause of the accident. This was insufficient to defeat the plaintiffs' motion for summary judgment (*see, Bras v Atlas Constr. Corp.,* 166 AD2d 401; *Bryan v City of New York,* 206 AD2d 448; *Urrea v Sedgwick Ave. Assocs.,* 191 AD2d 319, 329; *see also, Figueroa v Manhattanville Coll.,* 193 AD2d 778).

Because the plaintiffs have not shown, as a matter of law, that the defendant Board of Education of the City of New York was either an owner, contractor, or an agent under Labor Law § 240 (1), the Supreme Court correctly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability under Labor Law § 240 (1) insofar as that cause of action was asserted against that defendant (*see, e.g., Senken v Eklund,* 150 AD2d 671). Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.