De Briey v Roi Land Invs. Ltd. (2024 NY Slip Op 01157)

De Briey v Roi Land Invs. Ltd.

2024 NY Slip Op 01157

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 651749/21 Appeal No. 1791-1792 Case No. 2022-02817, 2023-01486 

[*1]Regine De Briey, Plaintiff-Respondent,
v
Roi Land Investments Ltd., Defendant-Appellant.

Condon & Forsyth LLP, New York (Joseph E. Czerniawski of counsel), for appellant.
Barnes & Barnes P.C., Melville (Matthew J. Barnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered June 24, 2022, bringing up for review an order, same court and Justice, entered April 28, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on her claim for breach of contract and awarded a money judgment in her favor, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, with costs, as subsumed in the appeal from the judgment.
The motion court properly determined that plaintiff established entitlement to a money judgment on her breach of contract claim as a matter of law based on the unambiguous provisions of the convertible notes purchase agreement (CNPA). Contrary to defendant's contention, no provision of the CNPA required plaintiff to make a declaration of default in order to establish defendant's breach (see Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]). Specifically, section 11(a) unambiguously states that an event of default "shall exist" when defendant "defaults in the payment of any principal . . . on any Note . . . when the same becomes due and payable, whether at maturity or at a date fixed for prepayment or by declaration or otherwise." Here, the maturity date of plaintiff's note was extended by defendant until April 14, 2019, on which date the note became "due and payable," and defendant failed to pay, which established an event of default under section 11(a).
Contrary to defendant's contention, section 12.1, titled "Acceleration," has no bearing on this dispute. Plaintiff is not seeking acceleration as her note had already matured, and at most, section 12.1 provides that the note holders "may" notify defendant of any event of default requiring immediate payment, which is permissive (see e.g. Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21 [2021]).
The motion court also properly construed section 17(b) to preclude a waiver of the default in payment by the other note holders, as that section unambiguously states that any waiver or amendment purporting to "change the amount or time of any prepayment or payment of principal" required the consent of each note holder, which would include plaintiff here. Accordingly, defendant's assertion that there was a waiver of the default in payment by the majority of holders that was binding upon plaintiff is expressly contradicted by section 17(b), rendering discovery unnecessary (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]).
Even if that were not the case, defendant presented no evidence beyond its own bare assertion that the requisite holders waived the default in favor of a new agreement as a factual matter. Nor did defendant identify what entity would be in possession of this information except defendant or its subsidiary, and defendant does not explain whether or why the proof was not available when it opposed plaintiff's motion beyond reference to unspecified EU [*2]privacy regulations. This showing is insufficient to warrant denial of the motion under CPLR 3212(f) (see e.g. Frierson v Concourse Plaza Assoc., 189 AD2d 609, 610 [1st Dept 1993]). Regarding defendant's affirmative defenses, to the extent they are not directly contradicted by the plain language of the CNPA, they consist of bare legal conclusions not supported by facts, warranting their dismissal (see Chrysler E. Bldg., L.L.C. v Keenwawa, Inc., 217 AD3d 494, 494-495 [1st Dept 2023]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024