| **Ehrlich v Sanchez** |
|:---:|
| 2024 NY Slip Op 34382(U) |
| December 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151291/2021 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ADAM SILVERA** | **PART** 01M |
| | *Justice* | |

--------------------------------------------------------------------------X

STEPHEN EHRLICH,

                     Plaintiff,

          - v -

EDUARDO S. SANCHEZ, PV HOLDING CORP., AVIS
BUDGET GROUP, INC.

                   Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151291/2021 |
| **MOTION DATE** | 06/28/2022, 09/28/2022 |
| **MOTION SEQ. NO.** | 001 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 107

were read on this motion to/for      VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR   .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 89, 90, 91, 92, 93, 99, 100, 101, 102, 108, 109, 110

were read on this motion to/for      VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR   .

Upon the foregoing documents and for the reasons set forth below, the Court denies the

motion by defendant, Eduardo S. Sanchez ("Defendant"), to strike the note of issue filed by

plaintiff, Stephen Ehrlich ("Plaintiff"), and denies Plaintiff's motion for sanctions against

Defendant.[1]

    I.    <u>Motion to Strike the Note of Issue</u>

A party seeking to strike a note of issue may move to do so, as of right, "[w]ithin 20 days

after service of [the] note of issue and certificate of readiness"; after the 20-day period, a party

must show "good cause" to strike. Uniform Civil Rules for the Supreme Court and the County

Court (22 NYCRR) § 202.21(e). The court may strike "the note of issue if it appears that a

---

[1] For purposes of this Decision and Order, the Court considers and decides motion sequence 001 together with this motion sequence 003, as both motions seek identical relief.

**151291/2021 EHRLICH, STEPHEN vs. SANCHEZ, EDUARDO S.**
**Motion No. 001 003**

Page 1 of 5

material fact in the certificate of readiness is incorrect," if the certificate of readiness does not comply with the requirements of 22 NYCRR § 202.21, or if the case is otherwise not "ready for trial." *Id.*; *see also, e.g., Frierson v Concourse Plaza Assoc.*, 189 AD2d 609, 610 (1st Dep't 1993) (holding that a note of issue was premature when discovery was still outstanding); *Barnett v. DeMian*, 207 AD2d 693, 693 (1st Dep't 1994) (same). If the court does not strike the note of issue, it may nevertheless permit further discovery "so long as neither party will be prejudiced." *Cuprill v Citywide Towing & Auto Repair Servs.*, 149 AD3d 442, 443 (1st Dep't 2017).

Here, Defendant does not argue that he timely filed a motion to vacate the note of issue through his current counsel. *See* Affirmation in Support, dated Sept. 28, 2022, ¶¶ 17-22.[2] Instead, Defendant argues that Plaintiff has not provided enough access to medical records that are relevant for assessing damages. *Id.* ¶ 22. Defendant seeks an order compelling Plaintiff to provide the outstanding discovery, pursuant to CPLR § 3124, in the event that the Court does not strike the note of issue.

Plaintiff, on the other hand, argues that he notified Defendant when he would be filing the note of issue and that Defendant seemingly did not object. *See* Affidavit in Opposition to Motion to Strike Note of Issue and for Sanctions Pursuant to Uniform Rule 130 ("Plaintiff's Original Opposition") ¶ 8. Further, Plaintiff claims that he addressed Defendant's outstanding discovery demands before filing the note of issue. *Id.* But that is not so. Defendant had requested *unrestricted* access to certain medical information. *See* Demand for Authorization to Obtain the Records and Films from Lenox Hill Radiology at 1. Plaintiff's authorizations provided only limited access to information, mostly about Plaintiff's knees. *See* Plaintiff's Response to

---

[2] To be sure, Defendant suggests that his original motion (motion sequence 001) was timely filed. *See id.* ¶ 14. The Court does not delve into this issue, as resolution of the issue would not change the relief that the Court grants herein.

**151291/2021   EHRLICH, STEPHEN vs. SANCHEZ, EDUARDO S.**
**Motion No.  001 003**

**Page 2 of 5**

2 of 5

[* 2]

Defendants' Demand for Authorization to Obtain the Records and Films from Lenox Hill Radiology ¶¶ 1, 3-5, 7-8. Also noteworthy and undisputed is that Plaintiff filed the note of issue without court order, as required by the case scheduling order. *See* Case Scheduling Order, dated August 3, 2021, ¶ 12.

Still, this Court declines to strike Plaintiff's note of issue. Instead, within 14 days of this Decision and Order, Plaintiff must provide Defendant, through current counsel authorizations— not limited only to Plaintiff's knees but rather including all body parts at issue in this case—to the complete medical records, radiological films, and surgical intra-operative photographs from the following sources:

- Lenox Hill Radiology & Medical Imaging Associates

- Hospital for Special Surgery

- East River Imaging

- RYC Orthopedics

- Dr. Donald Rose

- Dr. David Altcheck

- Dr. Steven Hass

- Dr. Martin O'Malley

This ensures that Defendant obtains access to relevant records, that Plaintiff is not prejudiced, and that this case moves on expeditiously. Thus, the Court denies Defendant's motion to strike the note of issue but orders further discovery as detailed above.

II. Sanctions

A court may impose sanctions on a party or an attorney "who engages in frivolous conduct." Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1(a). Frivolous

**151291/2021 EHRLICH, STEPHEN vs. SANCHEZ, EDUARDO S.**
**Motion No. 001 003**

Page 3 of 5

conduct includes the use of dilatory tactics, the use of meritless tactics, and lying. *Id.* § 130-1.1(c). In other words, to warrant sanctions, a party must engage in "extreme behavior." *Hunts Point Term. Produce Coop. v New York City Economic Dev. Corp.*, 54 AD3d 296, 296 (1st Dep't 2008). In determining whether conduct is frivolous, and therefore to award sanctions, the court should carefully consider the context in which the conduct occurs. 22 NYCRR § 130-1.1(c).

In Plaintiff's reply to the motion to strike the note of issue by Defendant's first counsel, Plaintiff cross-moved for sanctions against Defendant, for allegedly misleading both the Court and Plaintiff about Defendant's legal representation and for not withdrawing the motion to strike. *See* Plaintiff's Original Opposition at 2, 6-7. Defendant's motion to strike the note of issue, and its decision to not withdraw the motion, was far from frivolous. Plaintiff has not shown that Defendant's motion to strike was wholly without merit or that Defendant lied or improperly delayed this litigation. In short, Plaintiff has not shown that Defendant engaged in such "extreme behavior" as to warrant sanctions. *Hunts Point*, 54 AD3d at 296. Thus, Plaintiff's motion for sanctions must be denied.

Accordingly, it is

ORDERED that Defendant's motion to strike is denied; and it is further

ORDERED that Plaintiff shall provide Defendant, through current counsel, with the authorizations listed above within 14 days; and it is further

ORDERED that within 14 days of entry, Defendant shall serve a copy of this Decision/Order upon Plaintiff with notice of entry.

This constitutes the Decision/Order of the Court.

**151291/2021   EHRLICH, STEPHEN vs. SANCHEZ, EDUARDO S.**
**Motion No.  001 003**

**Page 4 of 5**

[* 4]

4 of 5

<u>12/17/2024</u>
DATE

ADAM SILVERA, J.S.C.

CHECK ONE:

☐ CASE DISPOSED     ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED     ☐ GRANTED IN PART     ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER     ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN     ☐ FIDUCIARY APPOINTMENT     ☐ REFERENCE

**151291/2021**   EHRLICH, STEPHEN vs. SANCHEZ, EDUARDO S.
Motion No. 001 003

Page 5 of 5

5 of 5