■ DOROTHY M. GORMAN, Individually and as Administratrix of the Estate of RICHARD P. GORMAN, Deceased, Respondent, v. GRAND CENTRAL BUILDING, INC., et al., Appellants.— Order entered April 5, 1967, setting aside the verdict of the jury in favor of the defendants-appellants, and directing a verdict in favor of the plaintiff as against the defendants-appellants, and further directing a trial to assess damages, reversed, on the law, and the verdict of the jury is reinstated with $50 costs and disbursements to the appellants. Based upon the facts, as proven at the trial, the only manner in which defendants-appellants can be held liable is by finding that there was a violation of section 241-a of the Labor Law. There is, however, no evidence to support such a finding. That section provides that men working — " in or at elevator shaftways * * * shall be protected by sound planking at least two inches thick laid across the opening at levels * * * not more than one story below such men ". The plaintiff was working at the 30th floor. It is undisputed that the shaftway at the 30th floor was covered by planking at least two inches thick. That is compliance with section 241-a, since, in fact, the men were working above the planking. The object of the Legislature — to provide some protection to men falling from above — was adequately complied with by the planking which was installed at the 30th floor. To construe the section in any other manner would be to place an irrational construction on it, and one which apparently was not within the contemplation of the Legislature. Nor does the case of *Joyce* v. *Rumsey Realty Corp.* (17 N Y 2d 118) require a contrary result. That case involved a different situation and a different section of the law. There, the plaintiff claimed that the defendant violated former subdivision 1 of section 241 of the Labor Law. That section required that the contractor complete the flooring at each level as the building progresses. Plaintiff, in that case, was moving planks on the fourth floor. The first, second and third levels had not been floored over, as required by the statute. It is quite clear that there was a violation of subdivision 1 of section 241 of the Labor Law, for each of the levels in that case was required to be floored over. Such is not the requirement of the Labor Law under section 241-a, the section under consideration in the case at bar. Concur — Stevens, J. P., Steuer, Rabin and McNally, JJ.; Capozzoli, J., dissents and votes to affirm on the authority of *Joyce* v. *Rumsey Realty Corp.* (17 N Y 2d 118) and *Haskins* v. *City of New York* (28 A D 2d 656).