ALFRED SPINELLI et al., Appellants, v ST. JOHN NEPOMU-CENE ROMAN CATHOLIC CHURCH, Respondent, et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendants

In 1980 the defendant St. John's entered into a contract with the third-party defendant Fortunato & Sons (hereinafter Fortunato) whereby Fortunato agreed to construct a church for St. John's on land owned by St. John's in Bohemia, New York. On April 27, 1981, construction was substantially completed. On that day, the plaintiff Albert Spinelli, an employee of Fortunato, was assigned to drill holes in a 12-inch concrete curb which abutted an exterior stairway of the church for the purpose of installing a guardrail. The stairway led from ground level to the church basement, was 12- to 14-feet deep and contained approximately 20 concrete steps. While drilling the holes, Albert Spinelli was suddenly propelled into the air and, though he had been working on the ground level which abutted the stairway, the force threw him to the bottom of the stairwell and he sustained serious physical injuries. Mr. Spinelli and his wife brought this action against St. John's and

various manufacturers and suppliers of the drill which he had been using at the time the accident occurred. The plaintiffs moved for partial summary judgment as against St. John's on the issue of liability maintaining that it was absolutely liable under Labor Law § 240 (1). The plaintiffs specifically alleged that the failure to plank or guard the open stairwell constituted a violation of Labor Law § 240 (1), thus rendering St. John's absolutely liable.

Labor Law § 240 (1) provides in part that: "[a]ll contractors and owners and their agents * * * who contract for * * * the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, *scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices* which shall be so constructed, placed and operated as to give proper protection to a person so employed" (emphasis added). A violation of this statute results in absolute liability on the part of the building owner if the violation is found to be a proximate cause of a claimant's injuries *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054; *Bland v Manocherian,* 66 NY2d 452).

Here, the plaintiffs have failed to establish any violation of the statute. St. John's has not been faulted for failing to provide "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, [or] other [similar] devices". Rather, the plaintiffs fault St. John's for not providing planking across the open stairway. This alleged negligence simply does not fall within the purview of Labor Law § 240 (1); rather, this situation is governed by Labor Law § 241 (6) and § 241-a *(see, Koploff v St. Vincent Ferrer Church,* 39 AD2d 581, *lv dismissed* 30 NY2d 949), and the plaintiffs have clearly failed to establish their entitlement to partial summary judgment against St. John's under either of these statutes. Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.