■ JOHN ANARUMO, JR., et al., Appellants, v TERMINAL CONSTRUCTION CORP., Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Morton, J.), dated December 21, 1987, which denied their motion for partial summary judgment on the issue of the defendant's liability under Labor Law §§ 240 and 241-a.

Ordered that the order is modified, on the law, by granting that branch of the plaintiffs' motion which was for partial summary judgment on the issue of the defendant's liability under Labor Law § 241-a; as so modified, the order is affirmed, with costs to the plaintiffs, and matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The plaintiffs' submissions in support of their motion for partial summary judgment establish that on June 22, 1985, the plaintiff John Anarumo, Jr. was employed as a welder by third-party defendant Gem Steel Erectors on an office building under construction. The defendant Terminal Construction Corp. (hereinafter Terminal) was the general contractor on the building construction. The injured plaintiff was working on the second floor of the building, at proposed staircase number six which had not been installed, when the electric cable on his welding machine became entangled. As the injured plaintiff pulled the cable to free it, he lost his balance and fell through the second floor opening for staircase number six, through the opening in the ground floor below, and landed in the subbasement, sustaining physical injuries.

The plaintiffs have established their entitlement to partial summary judgment on the issue of liability against Terminal under Labor Law § 241-a. The plaintiffs' submissions, including the affidavit of John Anarumo, Jr., setting forth the events and circumstances of his accident, meet the requirements of CPLR 3212 (b) and establish that Terminal violated Labor Law § 241-a by failing to plank the stairwell opening "at levels not more than one story below" the place where the injured plaintiff was working. Despite Terminal's contention to the contrary, there is no view of the evidence submitted on the motion to support a finding that the absence of planking was not a proximate cause of the injured plaintiff's injury (see,

*Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 298; *Joyce v Rumsey Realty Corp.,* 17 NY2d 118, 122; *Horan v Dormitory Auth.,* 43 AD2d 65). The affirmation and attachments submitted by Terminal in opposition to the plaintiffs' motion fail to raise a triable issue of fact. First, the affirmation was made by an attorney without personal knowledge of the facts and as such is without evidentiary value *(see, Zuckerman v City of New York,* 49 NY2d 557). Second, the exhibits attached failed to provide any evidence controverting or denying the plaintiffs' version of events, and counsel's assertion of unsubstantiated possibilities based on the exhibits constitute mere speculation which is insufficient to defeat the motion *(see, Krich v Wall Indus.,* 118 AD2d 627). Finally, we reject Terminal's contention that the motion should be denied as premature. Terminal has already deposed the injured plaintiff and it has made no showing that facts essential to its opposition to the motion exist but cannot be stated *(see,* CPLR 3212 [f]). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.