■ ANTHONY MARCELLINO et al., Appellants, v JOHN J. NIGRO, Doing Business as JOHN NIGRO REALTY, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. PICOZZI CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent.—Harvey, J. Appeals from an order of the Supreme Court (Hughes, J.), entered July 15, 1988 in Albany County, which denied plaintiffs' motion for partial summary judgment and defendants' cross motions for summary judgment.

This suit arises from injuries plaintiff Anthony Marcellino (hereinafter plaintiff) sustained when, while working as a bricklayer-mason on a construction project, he fell through an open stairwell on the mezzanine level or second floor of a building under construction to the floor below. The building was owned by defendant and third-party plaintiff John J. Nigro, doing business as John Nigro Realty (hereinafter Nigro). Defendant and third-party plaintiff Beltrone Construction Company, Inc. (hereinafter Beltrone) served as the general contractor on the project and it, in turn, entered into a subcontracting agreement for the masonry work with third-party defendant, Picozzi Construction Corporation (hereinafter Picozzi), plaintiff's employer. Following commencement of this action alleging negligence and Labor Law violations, Nigro and Beltrone commenced third-party actions against Picozzi as well as cross claims against each other. Plaintiffs then moved for partial summary judgment on all issues of liability pursuant to Labor Law § 240 (1) and § 241-a. Nigro cross-moved for summary judgment against Beltrone on the grounds of contractual and common-law indemnification and Beltrone cross-moved for the same relief against Picozzi on the basis of contractual indemnification. Supreme Court denied all motions and these appeals ensued.

Turning initially to plaintiffs' contention that the provisions of Labor Law § 240 (1) rendered both Nigro and Beltrone absolutely liable for a violation of that statute (see, Wieszchowski v Skidmore Coll., 147 AD2d 822), we agree with Supreme Court's finding that this statutory provision is inapplicable to the case at bar. Similar to the plaintiffs in Spinelli v St. John Nepomucene R. C. Church (140 AD2d 427), plaintiffs herein do not fault defendants for failing to provide "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, [or] other [similar] devices" (Labor Law § 240 [1]), but, rather, plaintiffs fault defendants for not providing planking or other protective railings across the open stairwell. Accordingly, this case does not fall within the purview of Labor Law § 240 (1) and is instead governed by Labor Law § 241-a (Spinelli v St. John Nepomucene R. C. Church, supra, at 428; see, Anarumo v Terminal Constr. Corp., 143 AD2d 616).

Next, we consider plaintiffs' argument that they are entitled to partial summary judgment on the issue of defendants' alleged absolute liability under Labor Law § 241-a. This statute provides that: "Any men working in or at * * * stairwells of buildings in course of construction or demolition shall be protected by sound planking at least two inches thick laid

across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the [Board of Standards and Appeals]" (Labor Law § 241-a). In our view, plaintiffs were not entitled to partial summary judgment pursuant to this provision under the facts of this case. Labor Law § 241-a requires planking at least two stories above and one story below work in progress in order to protect workers from being struck by falling objects or falling more than one story *(Seiger v Port of N. Y. Auth.,* 43 AD2d 339, 340; *Gorman v Grand Cent. Bldg.,* 29 AD2d 849, *affd* 22 NY2d 821). No planking was necessary because the ground floor was one story below the floor from which plaintiff fell.

Plaintiffs point out, however, that the statute also provides for protection of workers "by other means specified in the rules of the [Board of Standards and Appeals]" (Labor Law § 241-a). Plaintiffs allege that the lack of coverings or protective guardrails over the stairwell opening violated certain of the Board's rules *(see, e.g.,* 12 NYCRR 23-1.7 [b] [1]; 23-2.7 [c]) and this fact should be sufficient to impose absolute liability under Labor Law § 241-a. Regardless of whether these regulations were violated, plaintiffs' contention must fail since a similar argument was rejected by the Court of Appeals in *Long v Forest-Fehlhaber* (55 NY2d 154). In that case, the court considered the effect of contributory or comparative negligence as a defense in an action premised on a violation of the Board's rules pursuant to Labor Law § 241 (6). The court noted, *inter alia,* that "[u]nlike a violation of the explicit provisions of a statute proper," a breach of an administrative rule does not establish negligence as a matter of law since it lacks the force of a legislative enactment and is merely some evidence to be considered on the question of a defendant's negligence *(supra,* at 160; *see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 298). Applying these principles to the case at bar, it is clear that the issue of the alleged violation of the Board's rules must await the trial of the issues. This is so because defendants have raised the issue of plaintiff's possible negligence as a proximate cause of his injuries and have submitted sufficient evidence to create a question of fact, precluding the granting of summary judgment.

We also agree with Supreme Court that indemnification requires a showing of negligence upon the part of the contractor or the subcontractor. Such negligence by either party has not been established as a matter of law. Denial of the cross motions was therefore proper.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.