■ MARTIN SANTOS, Appellant, v SURE IRON WORKS et al., Respondents, and CONSUMMATE CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Respondent. GENERAL ACCIDENT COMPANY, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated November 16, 1988, as (1) denied that branch of his motion which was for summary judgment on the issue of liability against Chu & Mui Associates and Consummate Construction Company pursuant to Labor Law §§ 240 (1) and 241-a, and (2) denied that branch of his motion which was for a severance of all cross claims and third-party actions.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with one bill of costs payable by Chu & Mui Associates and Consummate Construction Company, those branches of the plaintiff's motion which were for summary judgment on the issue of liability against Chu & Mui Associates and Consummate Construction Company and for severance of the cross claims and third-party actions are granted, and the matter is remitted to the Supreme Court, Kings County, for a separate trial on the issue of the plaintiff's damages.

The plaintiff, Martin Santos, a general laborer, was injured when a piece of steel decking fell from the fifth floor of an open elevator shaftway and struck him while he was working on the second-floor construction of the elevator shaftway. In a subsequent action to recover damages for personal injuries, Santos sought summary judgment against the owner and the general contractor pursuant to Labor Law §§ 241-a and 240 (1). The Supreme Court denied that relief.

It is well settled that the liability of an owner or a general contractor is absolute upon proof that a worker's injuries were proximately caused by a violation of the obligations of an owner or general contractor under Labor Law §§ 241-a and 240 (1) *(see, Silvers v E. W. Howell, Inc.,* 129 AD2d 694; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Haimes v New York Tel. Co.,* 46 NY2d 132). Thus, contrary to the reasoning of the Supreme Court, the question of whether steel decking had been placed across the fifth floor by a subcontractor or any other third-party defendant is immaterial.

Labor Law § 241-a provides, in pertinent part, that "[a]ny men working in or at elevator shaftways * * * shall be protected by sound planking * * * laid across the opening at levels not more than two stories above and not more than one story below such men". Indeed, Labor Law § 241-a was enacted to protect workers from the hazards of performing construction work at places such as elevator shaftways. In the case at bar, we find that the undisputed facts establish that no protective planking had been laid between the fifth floor and the second floor of the elevator shaftway. Further, we find that the undisputed facts establish that the plaintiff was performing work for the construction of the elevator shaftway on the second floor when he was struck by steel decking which fell from the fifth floor. Therefore, we find that the plaintiff was within the class of persons the statute was designed to protect *(see, Seiger v Port of N. Y. Auth.,* 43 AD2d 339). It is

clear that but for the lack of overhead protection, the plaintiff would not have suffered injury *(see, La Lima v Epstein,* 143 AD2d 886).

Labor Law § 240 (1) has been held to protect workers from falling or being hit by falling objects when working at elevated heights *(see, Yaeger v New York Tel. Co.,* 148 AD2d 308; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Since the plaintiff was working on the second floor when he was struck by steel decking which had fallen from the fifth floor, we find that the failure of the respondents to provide overhead protection constituted a violation of Labor Law § 240 (1) as a matter of law *(see, Anarumo v Terminal Constr. Corp.,* 143 AD2d 616, 617).

Lastly, we find severance to be appropriate in this case. A court may properly sever cross claims and third-party actions from the main action in negligence cases, particularly in view of the early trial preference granted to the injured parties in such cases and in the interest of simplifying the issues for the jury *(Henderson v Wein Hardware Co.,* 51 AD2d 696). One of the most cogent reasons for consolidation, namely, the avoidance of duplication of efforts, is not a compelling factor here, considering that the plaintiff's action is ready to proceed to trial for a resolution of the singular issue of damages, while the defendants have yet to begin discovery in connection with their cross claims and third-party actions. Accordingly, severance is appropriate. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.