■ ROMAN SANDI, Appellant-Respondent, v CHAUCER ASSO-CIATES, Respondent-Appellant, and JUST MANAGEMENT CORP., Respondent, et al., Defendant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated May 19, 1989, as denied his motion for partial summary judgment against the defendants on the issue of liability, and the defendant Chaucer Associates cross-appeals from so much of the same order as dismissed its affirmative defense predicated on Workers' Compensation Law § 11.

Ordered that the order is modified to the extent that, upon searching the record, summary judgment is granted to the defendants on the plaintiff's cause of action based on Labor Law § 240 and that cause of action is dismissed; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was injured when he slipped and fell as he was transporting debris from the site of roofing repair work done by the defendant Herrera Restorations, Inc. on the apartment building owned by the defendant Chaucer Associates (herein-after Chaucer). At the time, the plaintiff was employed by the defendant Just Management Corp. (hereinafter Just), which had contracted with Chaucer to manage the premises in question. Part of the plaintiff's duties consisted of placing garbage for disposal in the area designated for that purpose. The plaintiff claimed that his injuries had been caused by the

defendants' failure to construct a ramp to transport debris from the roofing work directly to the trash pickup area near the building. Instead, the plaintiff was required to transport the debris by use of a handtruck from where it had accumulated after being dropped from the roof. While doing so, the plaintiff slipped and fell on Chaucer's premises at a point where the lawn sloped.

The facts, as alleged by the plaintiff, do not set forth a prima facie violation of Labor Law § 240 (1), the purpose of which is to protect workers from the inherent dangers of construction work by requiring the use of certain protective devices on elevated worksites and in the lifting and lowering of persons, materials and equipment (see, Golaszewski v Cadman Plaza N., 136 AD2d 596; Gjertsen v Mawson & Mawson, 135 AD2d 779; Kahn v Gates Constr. Corp., 103 AD2d 438; Mack v Altmans Stage Light. Co., 98 AD2d 468; cf., Marcellino v Nigro, 149 AD2d 775; Spinelli v St. John Nepomucene R. C. Church, 140 AD2d 427). The protective "device" that the plaintiff asserts was not provided during the roofing reconstruction—a ramp to transport the debris from the roof of the building to its trash pick-up location—does not fall within the category of "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes [or] other [similar] devices" (Labor Law § 240 [1]; Spinelli v St. John Nepomucene R. C. Church, supra).

In view of the plaintiff's failure to establish a prima facie violation of Labor Law § 240 (1), that cause of action is dismissed. The removal of debris from a worksite, upon the completion of repairs, by an individual who was otherwise uninvolved in the underlying construction activity, is beyond the reach of the intended statute.

Chaucer's claim that it was an employer of the plaintiff, along with Just, is not substantiated by the record. Although Chaucer had a workers' compensation policy covering the subject premises, there is no indication on the record that the plaintiff collected any benefits under that policy. Rather, the Supreme Court expressly found that Just had secured workers' compensation benefits for the plaintiff. Moreover, the decision of the Workers' Compensation Board had listed Just as the plaintiff's employer.

The payment of the plaintiff's wages by checks drawn on Chaucer's account does not, under the facts of this case, compel a conclusion favorable to Chaucer (see, 52 NY Jur 2d, Employment Relations, § 42). Although a worker may have

more than one employer for purposes of Workers' Compensation Law § 11 *(see, Bradford v Air La Carte,* 79 AD2d 553, 554), the express terms of the management agreement relegated all authority to hire, control and dismiss workers at the premises to Just. Under the circumstances, the Supreme Court properly granted the plaintiff's motion to strike Chaucer's affirmative defense based upon the Workers' Compensation Law. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.