■ ROBERT WHALEN et al., Appellants-Respondents, v F.J. SCIAME CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, and FORDHAM UNIVERSITY et al., Respondents. DUNCAN INTERIORS, Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [604 NYS2d 174] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), entered February 14, 1991, as denied their motion for partial summary judgment as to liability, and the defendant F.J. Sciame Construction Co., Inc.,

cross-appeals, as limited by its notice of appeal and brief, from so much of the order as denied its cross motion for summary judgment against the third-party defendant Duncan Interiors.

Ordered that the order is reversed insofar as appealed from, on the law, the plaintiffs' motion for partial summary judgment as to liability is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a trial as to damages; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendants appearing separately and filing separate briefs.

We agree with the plaintiffs that the defendants have failed to controvert their prima facie showing that the scaffold and ladder provided to the plaintiff failed to provide "proper protection", as required by Labor Law § 240 (1), and that this violation was a proximate cause of the accident (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513; Greishaber v City of New Rochelle, 113 AD2d 821).

While the testimony of the site superintendent for the defendant F.J. Sciame Construction Co., Inc. (hereinafter F.J. Sciame) at an examination before trial raises a question of fact as to the precise manner in which the accident occurred, the defendants failed to rebut the plaintiffs' contention that Robert Whalen fell from the ladder because it was unsecured, and was caused to sway when a person was on it. Nor is there anything in the record to indicate that the ladder was equipped with any safety devices to help break Whalen's fall, or that he was provided with any safety devices to help prevent the fall (see, Figueroa v Manhattanville Coll., 193 AD2d 778).

However, we affirm so much of the order as denied F.J. Sciame's cross motion for summary judgment against the third-party defendant Duncan Interiors, on the issue of contractual indemnification, as there are issues of fact as to whether the negligence of F.J. Sciame contributed to this accident, which would preclude enforcement of the indemnification provision of the contract (see, General Obligations Law § 5-322.1; DeFilippis Crane Serv. v Joannco Contr. Corp., 132 AD2d 517). Balletta, J. P., O'Brien, Santucci and Joy, JJ., concur.