OPINION OF THE COURT
George G. Bernhard, J.
Plaintiff moves in this action to recover damages for personal injury sustained in an accident on a construction site in Mt. Kisco, New York, on January 14, 1993 for summary judgment establishing liability in his favor and for assessment of damages.
Third-party defendant, Reale, plaintiff’s employer at the time of the accident, cross-moves for summary judgment dismissing plaintiff’s claims under section 240 and section 241-a of the Labor Law. The general contractor, Mario Genovesi & Sons, Inc., submits opposition to the same effect.
The undisputed facts are that plaintiff, Louis M. Lancella, was working on the mezzanine floor of a building under construction, to which he ascended by means of a ladder from the ground outside to the exposed concrete deck. The stairwells, under construction, consisted merely of unprotected rectangular openings to a lOlá-foot drop to the floor below, through one of which the plaintiff was unfortunate enough to fall while maneuvering backward with a troweling machine, presumably so that he would not tread on his own work. He was not provided with any safety equipment or harness.
The questions are whether the condition was in violation of sections 240, 241 (1) through (5) or 241-a of the Labor Law, all of which impose absolute liability (Zimmer v Chemung County Performing Arts, 65 NY2d 513).
These provisions are to be contrasted with sections 200 and 241 (6) of the Labor Law. The former merely restates the common law regarding the general requirement of providing a safe workplace (Allan v Cloutier Constr. Corp., 44 NY2d 290, 299) and the latter authorizes administrative rules as opposed to specific safeguards (Long v Forest-Fehlhaber, 55 NY2d 154) with the result that comparative negligence may be asserted as a defense against claims under sections 200 and 241 (6) of the Labor Law.
Defendants correctly urge that the facts set forth no violation of section 241-a of the Labor Law, in that the section requires planking over the hole "at levels no more than two *119 stories above and not more than one story below”. This plaintiff having fallen one story below to a concrete floor was not deprived of the protection mandated by that section.
So, too, subdivisions (1) through (5) of section 241 of the Labor Law make no mention of the conditions confronting the plaintiff and are inapplicable.
Whether the defendants have violated section 241 (6) requiring that "[a]ll areas in which construction * * * work is being performed shall be so * * * guarded * * * as to provide reasonable and adequate protection” is a question of fact found in the opinion of plaintiff’s expert professional engineer, Harlan A. Fair, who has submitted an affidavit on this question.
This leaves the court with the question whether the facts bring this case within the ambit of section 240 which reads, in pertinent part, as follows:
"§ 240. Scaffolding and other devices for use of employees
"1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed * * *
"2. Scaffolding or staging more than twenty feet from the ground or floor, swung or suspended from an overhead support or erected with stationary supports, except scaffolding wholly within the interior of a building and covering the entire floor space of any room therein, shall have a safety rail of suitable material properly attached, bolted, braced or otherwise secured, rising at least thirty-four inches above the floor or main portions of such scaffolding or staging and extending along the entire length of the outside and the ends thereof, with only such openings as may be necessary for the delivery of materials. Such scaffolding or staging shall be so fastened as to prevent it from swaying from the building or structure.”
Plaintiff’s position is that section 240 applies to any condition where the construction workers are employed at an elevated location (citing Bland v Manocherian, 66 NY2d 452; Zimmer v Chemung County Performing Arts, 65 NY2d 513, *120 supra; Haimes v New York Tel. Co., 46 NY2d 132; Flansburg v Merritt Meridian Constr. Corp., 191 AD2d 756; Nagel v Metzger, 103 AD2d 1).
Defendants urge that floor openings (stairwells) inside buildings do not fall in the protective ambit of section 240 but rather are governed specifically by section 241-a (which requires planking and which is not violated in instances such as this, as involving a drop of less than two stories) and governed generally by sections 200 and 241 (6) of the Labor Law both of which permit the defenses of comparative negligence and assumption of risk (citing Marcellino v Nigro, 149 AD2d 775; Anarumo v Terminal Constr. Corp., 143 AD2d 616; Spinelli v St. John Nepomucene R. C. Church, 140 AD2d 427).
The facts in Marcellino v Nigro (149 AD2d 775, supra), decided in the Third Department, are almost identical to Mr. Lancella’s accident in that Mr. Marcellino also fell through an open stairwell on the mezzanine floor and contended absolute liability under section 240 (1) of the Labor Law. The Appellate Division, Third Department, noted (at 776) that plaintiffs "do not fault defendants for failing to provide 'scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes [or] other [similar] devices’ (Labor Law § 240 [1]), but, rather * * * fault defendants for not providing planking or other protective railings across the open stairwell”. The conclusion was that this case was not within the purview of Labor Law § 240 (1) and was instead governed by Labor Law § 241-a (which was not violated in view of the one-story drop). This court agrees that it is hard to conceive how the equipment described in section 240 (1), which appears only useful when applied to the side of a structure (or perhaps the perimeter of an atrium or large airshaft) can be of any use in an open elevator shaftway, hatchway or stairwell. Common sense suggests that planking as provided in section 241-a (or railing or even caging) provides the solution to these smaller floor openings.
Nonetheless, the Court of Appeals has stated in Zimmer v Chemung County Performing Arts (65 NY2d 519, supra) that where no safety devices are furnished, evidence of custom and usage to dispense with such safety devices will not be allowed and absolute liability will be imposed on failure to provide the devices. In that Zimmer case, an ironworker-connector performing the familiar, dangerous procedure of climbing a vertical column, unassisted, to guide and sink a connecting tool into a horizontal steel beam while hanging by one hand, fell *121 to sustain serious injury. The argument by the contractor that no one has devised a means of deploying equipment to protect a man engaged in that heroic task fell on deaf ears in the Court of Appeals. The industrial result must be that contractors and owners are guarantors of the safety of ironworkerconnectors. So, too, in this case, there is no question but that the parties were altering or constructing a building within the meaning of section 240 nor can one say, as a matter of law, that the presence of ropes and scaffolding could not have prevented this fall.
The fact that planking is the superior solution under a different section of the same article (but required only for two-story openings) does not militate against application of section 240. These provisions of the Labor Law designed for the protection of workers from injury are to be construed liberally (Quigley v Thatcher, 207 NY 66, 68) and nowhere is there an indication that a workman denied one form of protection (planks) must, ex proprio vigore, be denied another protection (scaffolds). Then, of course, there is the anomalous reflection that if the plaintiff had backed off the unprotected side of the building with his troweling machine, instead of through the stairwell, there would be no question but that section 240 of the Labor Law is applicable.
Under the circumstances where the Court of Appeals opines generally that section 240 (1) mandates guard rails on scaffolding less than 20 feet in height (Bland v Manocherian, 66 NY2d 452, 461, supra), it is quite clear that it is the obligation of this court to interpret the Labor Law safety provisions so liberally as to require safety precautions of questionable value such as rails on scaffolding, even in situations where obvious and complete precautions (planking) are not required.
This brings us to the question of proximate cause. The Court of Appeals rejected the evidence in Zimmer v Chemung County Performing Arts (65 NY2d 513, supra) attempting to establish that safety devices were never used by custom and usage or were inapplicable to the situation of the ironworkerconnector and held that where no safety devices are provided, a verdict of no liability with respect to a claimed violation of section 240 (1) is insupportable. Accordingly, the issue of whether the failure to provide safety devices to this plaintiff was a substantial factor in causing him to fall through the stairwell is not available.
Therefore, based on the foregoing interpretation of section *122 240 of the Labor Law as interpreted by the Court of Appeals, plaintiffs motion for partial summary judgment is granted to the extent that the defendants, Mario Genovesi & Sons, Inc. and Trinity Investment Properties, Inc., are liable to respond in damages for plaintiff. The defendants are directed to make any motions based on their cross claim and third-party claims on or before September 1, 1994.