■ PEDRO L. LOPEZ, Appellant, v 36-2ND J CORP., Defendant and Third-Party Plaintiff-Appellant. VICTOR CONSTRUCTION & STEEL CORP., Third-Party Defendant-Respondent. [622 NYS2d 288] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated December 2, 1993, as denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and the defendant third-party plaintiff separately appeals from so much of the order as denied its cross motion for partial summary judgment against the third-party defendant on the issue of common-law indemnification.

Ordered that the order is reversed, on the law, the plaintiff's motion for partial summary judgment as to liability is granted, the defendant third-party plaintiff's cross motion for summary judgment as to indemnity is granted, and the matter is remitted to the Supreme Court, Kings County, for a trial as to damages; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the defendant; and it is further,

Ordered that the defendant is awarded one bill of costs, payable by the third-party defendant.

The Supreme Court erred in denying the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), because it was undisputed that the plaintiff was injured while renovating a building when he fell from an unsecured ladder which slipped (see, Bryan v City of New York, 206 AD2d 448; Whalen v Sciame Constr. Co., 198 AD2d 501; Figueroa v Manhattanville Coll., 193 AD2d 778). Furthermore, the defendant third-party plaintiff established that it was entitled to common-law indemnity from the third-party defendant, the plaintiff's employer, as the defendant third-party plaintiff did not direct or control the third-party defendant's work. The third-party defendant had complete control over the plaintiff's work and supplied the ladder which slipped and caused the plaintiff's injuries (see, Richardson v Matarese, 206 AD2d 354; McNair v Morris Ave. Assocs., 203 AD2d 433; Edlin v Glinsky, 154 AD2d 648). Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.