■ Philip Danaher, Plaintiff, v Savino Notarfrancesco et al., Defendants and Third-Party Plaintiffs-Respondents. York Scaffold Equipment Corp., Third-Party Defendant-Appellant. [623 NYS2d 630] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated June 10, 1993, as, upon granting the cross motion of the defendants third-party plaintiffs for partial summary judgment, is in favor of them and against it on the issue of common-law indemnification.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs to the defendants third-party plaintiffs.

On January 26, 1989, the plaintiff, an employee of the third-

party defendant, York Scaffold Equipment Corp. (hereinafter York), fell while erecting a scaffold at 512-514 Grand Street, in Brooklyn, when the scaffold broke beneath his feet. The property was owned by the defendants third-party plaintiffs, Savino Notarfrancesco, Antoinette Notarfrancesco, and Joseph Furci (hereinafter the owners). There is no dispute that the owners violated Labor Law § 240 (1).

It is well settled that an owner or general contractor held vicariously liable under Labor Law § 240 is entitled to full indemnification from the actively negligent subcontractor so long as the owner can show that it did not direct, control, or supervise the work of the subcontractor (see, Kelly v Diesel Constr. Div., 35 NY2d 1, 6-7; Lopez v 36-2nd J Corp., 211 AD2d 667; Richardson v Matarese, 206 AD2d 354; McNair v Morris Ave. Assocs., 203 AD2d 433, 434; Edlin v Glinsky, 154 AD2d 648, 650-651). Here, the owners demonstrated that they did not direct, control, or supervise the worksite at any time during the construction of the scaffold. York failed to raise any question of fact regarding possible negligence of the owners and therefore could not defeat their cross motion for summary judgment. The fact that the plaintiff may have been contributorily negligent is irrelevant to a determination of indemnification. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.