■ Morey F. Fuller, Appellant, v Angelo J. Catalfamo et al., Defendants and Third-Party Plaintiffs-Respondents, and A. J. Catalfamo Construction Company, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Theodore Chittenden, Doing Business as Adirondack Residential Properties, Third-Party Defendant-Respondent. [636 NYS2d 467] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 16, 1994 in Warren County, which, *inter alia*, denied plaintiff's motion for partial summary judgment on the issue of liability, and denied a cross motion by certain third-party plaintiffs for summary judgment in the third-party action.

Defendants Angelo J. Catalfamo and Anne Catalfamo are the shareholders of defendant A. J. Catalfamo Construction Company, Inc., which, along with defendant Catalfamo Construction Company (hereinafter collectively referred to as Catalfamo Construction), was the general contractor for the construction of a home owned by the Catalfamos in the Town of Queensbury, Warren County. Catalfamo Construction entered into an oral contract with third-party defendant, Theodore Chittenden, the sole proprietor of Adirondack Residential Properties, to do the framing on the house. Plaintiff was employed by Chittenden as a construction worker.

On the afternoon of November 10, 1989, plaintiff was directed by Chittenden to assist the other workers in "putting the top plate on the second story of the building". In order to install the top plate on the second story, plaintiff contends that he climbed to the top of an interior wall above the second floor

decking which was located near a stairwell opening. The stairwell opening was located next to an exterior wall while the other two interior walls around such stairwell consisted of partitions with interior studs set 16 inches apart. The remaining side, which would later serve as the entry to the staircase, was either open or secured by a horizontally nailed piece of lumber.

According to plaintiff, as he stood on top of the interior wall near the stairwell opening, he lost his footing when the wall "whipped" out, causing him to fall through the opening, down two stories, to the basement floor. Chittenden contends, however, that a co-worker witnessed the fall and that plaintiff was not standing on top of an interior wall when he fell. According to the co-worker, plaintiff, in an effort to take a shortcut around the stairwell opening, intentionally squeezed himself between the studs of the wall surrounding the stairwell to get to the other side. In so doing, plaintiff slipped, causing his fall to the basement below.

Plaintiff commenced this action against the Catalfamos and Catalfamo Construction alleging, *inter alia*, breaches of Labor Law §§ 200, 240, 241 and 241-a.* Plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241-a. Catalfamo Construction and the Catalfamos each cross-moved for summary judgment seeking, *inter alia*, indemnification from Chittenden. Supreme Court, finding issues of fact on the Labor Law § 240 (1) and § 241-a claims, denied such relief. Plaintiff appeals from that part of the order denying his motion for summary judgment and Catalfamo Construction appeals from the denial of the cross motion seeking indemnification. The Catalfamos have not appealed.

Addressing first the Labor Law § 240 (1) claim, it is clear that plaintiff was subjected to an elevation-related risk within the meaning of the statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501), regardless of which version of the fall is credited, since he fell from the second story of a home under construction. Yet, while it is undisputed that plaintiff was provided with none of the enumerated safety devices, an issue of fact exists as to whether the presence of the two-inch by four-inch studs around three sides of the open stairwell,

---

* The claim alleging breach of Labor Law § 241-a occurred as a result of an amended complaint served on all defendants. Catalfamo Construction and the Catalfamos commenced separate third-party actions against Chittenden seeking indemnification and/or contribution.

coupled with the disputed piece of lumber blocking the fourth open side, constituted what the statute deems "other [safety] devices which shall * * * give proper protection" (Labor Law § 240 [1]). Moreover, as found by Supreme Court, the testimony of plaintiff's co-worker also raises an issue of fact as to whether the alleged violation was the proximate cause of plaintiff's injuries (see, Anderson v Schul/ Mar Constr. Corp., 212 AD2d 493; Liverio v Clover Leaf 82 Assocs., 186 AD2d 308, 309).

As to the Labor Law § 241-a claim, plaintiff, working adjacent to an open stairwell, was entitled to protection in the form of two-inch thick planking placed over the opening on the first floor, "or by other means specified in the rules of the [B]oard [of Standards and Appeals]" (Labor Law § 241-a) to limit the injuries which he might sustain if he fell more than one story (see, Marcellino v Nigro, 149 AD2d 775, 777; Seiger v Port of N. Y. Auth., 43 AD2d 339, 340). While it is undisputed that no such planking was in place, defendants contend that 12 NYCRR 23-2.7, entitled "Stairway requirements during the construction of buildings", provides an alternate method sufficient to obviate the need for planking. In our view, the cited regulation details, inter alia, requirements for the construction of temporary stairways and the protective devices which must be provided therewith, and does not, in any manner, provide an alternate safety device to the planking required by Labor Law § 241-a.

Therefore, since it is undisputed that plaintiff fell through two uncovered stairwells into the basement and since defendants have proffered no evidence sufficient to raise an issue of fact disputing liability pursuant to Labor Law § 241-a, we find that partial summary judgment on the issue of liability should have been awarded since such breach was the proximate cause of plaintiff's injuries (see, Anarumo v Terminal Constr. Corp., 143 AD2d 616, 616-617; Seiger v Port of N. Y. Auth., supra, at 340-341). As to Catalfamo Construction's cross motion seeking indemnification from Chittenden, we find that in the absence of a written contract denoting the responsibilities of Chittenden with respect to the stairwells, an issue of fact remains as to whether Chittenden was solely responsible for plaintiff's accident (see, Nichols v Deer Run Investors, 204 AD2d 929, 932).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 241-a; grant the motion to that extent and award plaintiff partial summary judgment on said claim; and, as so modified, affirmed.