■ JOSEPH DAWSON, Respondents, v PAVARINI CONSTRUCTION CO., INC., et al., Defendants, and Third-Party Plaintiffs-Appellants. METAL BUILDER, INC., et al., Third-Party Defendants-Respondents. [644 NYS2d 285] ■

The plaintiff Joseph Dawson (hereinafter Dawson) and his wife brought this action against Islandia Center Associates, Inc. (hereinafter Islandia), and Pavarini Construction Co., Inc. (hereinafter Pavarini). Islandia and Pavarini were the owner and general contractor, respectively, of the construction site where Dawson, an ironworker, was injured when he fell from an ornamental space frame some 23 to 24 feet from the ground. Since it is undisputed that, at the time of the accident, Dawson was not using and had not been provided with any safety equipment, the court properly granted the plaintiffs' motion for summary judgment on the issue of the liability of the defendants third-party plaintiffs (hereinafter the defendants) for failing to provide proper protection as required by Labor Law § 240 (1) *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523; *Whalen v Sciame Constr. Co.,* 198 AD2d 501; *Keane v Sin Hang Lee,* 188 AD2d 636). Notwithstanding the defendants' contention that an issue of fact existed with respect to whether there was a slippery substance on the space frame, the basis for imposing liability under Labor Law § 240 was the failure to provide any safety devices that would have either prevented or broken Dawson's fall *(see, Whalen v Sciame Constr. Co., supra; Figueroa v Manhattanville Coll.,* 193 AD2d 778). Moreover, even without the belatedly produced affidavit of Dawson's coworkers who saw him fall, the plaintiffs' motion for summary judgment was properly granted. The failure of any party to obtain a statement from Dawson's coworkers prior to reargument is no reason to deny summary judgment absent a showing, other than mere speculation, that a bona fide issue exists as to Dawson's credibility *(see, Urrea v Sedgwick Ave. As-*

socs., 191 AD2d 319, 320; *see also, Figueroa v Manhattanville Coll., supra).*

The branch of the cross motion asserted by Islandia which was for summary judgment on the issue of indemnification in the third-party action should have been granted. An owner or general contractor held vicariously liable under Labor Law § 240 is entitled to full common-law indemnification from an actively negligent subcontractor provided that the owner or general contractor did not direct, control, or supervise the subcontractor's work *(see, Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1, 6-7; *Danaher v Notarfrancesco,* 213 AD2d 444; *McNair v Morris Ave. Assocs.,* 203 AD2d 433, 434). Since Islandia had no control over the work, it was entitled to summary judgment with respect to its action for common-law indemnification from Dawson's employer, Metal Builder, Inc. *(see, Lopez v 36-2nd J Corp.,* 211 AD2d 667; *Richardson v Matarese,* 206 AD2d 354, 355). Similarly, Islandia was entitled to summary judgment on its contractual indemnity actions against the third-party defendants Berlin Steel Construction Co. and Island Lathing & Plastering, Inc., based on the contractual agreements requiring them to hold harmless and indemnify it.

However, there are questions of fact as to the extent to which Pavarini exercised direction and control over the work so as to preclude the granting of that branch of the cross motion asserted by Pavarini which was for summary judgment on both the common-law and contractual indemnification causes of action. Even where a contractual agreement provides for indemnification of a general contractor by a subcontractor, such a provision will not be enforced so as to indemnify a party for its own negligence *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Connolly v Brooklyn Union Gas Co.,* 168 AD2d 477, 478).

The appellants' remaining contentions are without merit. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.