■ EDWARD SCHNEIDER, Appellant, v HANOVER EAST ESTATES, INC., et al., Defendants and Third-Party Plaintiffs-

Respondents. LARRY RABIDEAU, Third-Party Defendant-Respondent. [654 NYS2d 789] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered September 28, 1995, as denied that branch of his motion which was for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability Labor Law § 240 (1) is granted, and that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action is denied.

The plaintiff established prima facie entitlement to partial summary judgment on his cause of action pursuant to Labor Law § 240 (1) by submitting evidence indicating that while working in a house under construction, he fell through an open, unfinished stairwell, and that he had not been provided with any safety devices to help prevent or break his fall (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Dawson v Pavarini Constr. Co.*, 228 AD2d 466). The defendants failed to submit evidence sufficient to raise a triable issue of fact in this regard (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Figueroa v Manhattanville Coll.*, 193 AD2d 778).

We find no merit to the defendants' contention that Labor Law § 241-a provides the exclusive remedy for a worker who falls through an open stairwell (*see, Santos v Sure Iron Works*, 166 AD2d 571; *Lancella v Genovesi & Sons*, 162 Misc 2d 117). The legislative history of section 241-a indicates that it was intended to provide protection in addition to existing provisions of the Labor Law, and was not intended to supplant or supersede Labor Law § 240 (1) (*see*, Mem of Indus Commn, Bill Jacket, L 1935, ch 440). To the extent that our decision in *Spinelli v St. John Nepomucene R. C. Church* (140 AD2d 427) is to the contrary, it should no longer be followed.

The defendants' remaining contentions are without merit. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.