■ SHABAN CANKA et al., Respondents, v COALITION FOR THE HOMELESS, INC., Respondent, and B & J GENERAL CONTRACTORS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. 786 IRON WORKS CORP., Third-Party Defendant-Appellant. [657 NYS2d 779] —In an action to recover damages for personal injuries, etc., the first and second third-party defendant, 786 Iron Works Corp., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Feinberg, J.), dated February 14, 1996, as granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law §§ 240 and 241-a, (2) an order of the same court, dated March 25, 1996, as, (a) upon vacating so much of the order dated February 14, 1996, denying that branch of the motion of Coalition for the Homeless, Inc., which was for summary judgment against it on the issue of indemnification, granted that branch of the motion of the defendant Coalition

for the Homeless, Inc., and (b) granted the separate motion of the defendant third-party plaintiff B & J General Contractors, Inc., for summary judgment against it on the issue of indemnification, and (3) an order of the same court (Garson, J.), dated July 10, 1996, as denied that branch of its motion to compel further discovery which sought to conduct an additional examination before trial of a representative of the defendant Cosa Development Corp., and granted that branch of the plaintiffs' cross motion which was for leave to file a note of issue.

Ordered that the orders are affirmed, with one bill of costs.

On January 2, 1991, the plaintiff Shaban Canka was seriously injured when he fell from a wooden plank laying across an opening between the second and third floor levels of a stairwell shaft. At the time of the accident, the injured plaintiff was employed by the third-party defendant 786 Iron Works Corp. (hereinafter the appellant), a subcontractor engaged in the installation of new stairs in a five-story building owned by the defendant Coalition for the Homeless, Inc. (hereinafter Coalition). Although the defendant B & J General Contractors, Inc. (hereinafter B & J) was the general contractor for the renovation project, B & J subcontracted performance of the construction work to the defendant Cosa Development Corp. (hereinafter Cosa Development).

Contrary to the appellant's contention, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability against the owner of the premises, Coalition, the general contractor, B & J, and the subcontractor, Cosa Development. Here, the plaintiffs submitted evidence establishing that the injured plaintiff fell three stories through an open stairwell which was not protected by "sound planking * * * laid across the opening at levels not more than two stories above and not more than one story below" as required by Labor Law § 241-a (see, Fuller v Catalfamo, 223 AD2d 850; Santos v Sure Iron Works, 166 AD2d 571). In addition, the plaintiffs demonstrated their entitlement to summary judgment pursuant to Labor Law § 240 (1) through uncontroverted evidence that the injured plaintiff was provided with no safety devices to prevent or break his fall (see, Schneider v Hanover E. Estates, 237 AD2d 274; Dawson v Pavarini Constr. Co., 228 AD2d 466; Whalen v Sciame Constr. Co., 198 AD2d 501).

Furthermore, the Supreme Court properly awarded summary judgment to Coalition and B & J on their indemnification claims asserted against the appellant. It is well settled that an owner or general contractor held vicariously liable under the Labor Law is entitled to full common-law indemnifi-

cation from an actively negligent subcontractor provided that the owner or general contractor did not direct, control, or supervise the subcontractor's work (see, Kelly v Diesel Constr. Div., 35 NY2d 1, 6-7; Dawson v Pavarini Constr. Co., supra; Lopez v 36-2nd J Corp., 211 AD2d 667). Since Coalition has been found liable to the plaintiffs based solely upon its ownership of the premises, and there has been no showing that it supervised or controlled the renovation work being performed by the subcontractors and the injured plaintiff, it is entitled to common-law indemnification from the appellant (see, Eccleston v Berakha, 233 AD2d 417; Dawson v Pavarini Constr. Co., supra). Similarly, the record does not support the appellant's claim that B & J, which subcontracted performance of the construction work to Costa, directed or controlled the work performed by its subcontractors and the injured plaintiff at the renovation site. Accordingly, B & J is also entitled to common-law indemnification from the appellant (see, Lopez v 36-2nd J Corp., supra; Richardson v Matarese, 206 AD2d 354).

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (see, Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; Morales v Gross, 230 AD2d 7).

Finally, we reject the appellant's claim that the Supreme Court improvidently exercised its discretion in permitting the plaintiffs to file a note of issue and denying its belated request to conduct a second deposition of a representative of Cosa Development on matters related to its defense of the second third-party action (see, Defina v Brooklyn Union Gas Co., 217 AD2d 681; Colicchio v City of New York, 181 AD2d 528). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.