■ JOHN RILEY et al., Respondents-Appellants, v JOHN W. STICKL CONSTRUCTION Co., INC., Appellant-Respondent and Third-Party Plaintiff-Appellant. JOHN MCNAMEE, Doing Business as MCNAMEE CONSTRUCTION Co., Third-Party Defendant-Respondent. [662 NYS2d 660] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant hired third-party defendant, John McNamee, doing business as McNamee Construction Co. (McNamee), to perform rough framing work on a single-family residence under construction. McNamee employees completed the first floor deck and were in the process of constructing the exterior walls when John Riley (plaintiff), a McNamee employee, stepped into an unguarded stairwell opening in the first floor deck and fell one story to the basement floor.

Supreme Court properly granted that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action. Plaintiff's fall from the first floor deck was not a fall from an elevated work site within the meaning of section 240 (1) (*see, Lewis v Corh Assocs.*, 227 AD2d 912; *see also, Mazzu v Benderson Dev. Co.*, 224 AD2d 1009, 1010-1011). Further, the court properly denied that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. Section 23-1.7 (b) (1) of the Industrial Code (12 NYCRR 23-1.7 [b] [1]) provides specific standards regarding the placement of a substantial cover or safety railing to guard hazardous openings, and plaintiff raised triable issues of fact whether those standards were violated.

The court erred, however, in denying that part of the motion of defendant for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241-a causes of action and in denying that part of its motion for conditional summary judgment on its third-party complaint for common-law indemnification. Section 241-a does not apply where, as here, the worker falls only one story (*see, Marcellino v Nigro*, 149 AD2d 775, 777; *Lancella v Genovesi & Sons*, 162 Misc 2d 117, 118-119). With respect to the common-law negligence and Labor Law § 200 causes of action, defendant is not liable for

failing to provide a safe place to work where the defect or dangerous condition is created by the contractor's own methods of work and defendant did not exercise supervisory control over the contractor's work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). Defendant met its initial burden, and plaintiff submitted no evidence that defendant exercised supervisory control over the method of McNamee's work. Defendant's general supervision and presence at the work site to check on the progress of the work and compliance with building specifications does not constitute the control or supervision necessary to establish liability under section 200 or for common-law negligence (*see, McCune v Black Riv. Constructors*, 225 AD2d 1078, 1079; *Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020). In the absence of proof that it exercised supervisory control over McNamee's work, defendant was entitled to conditional summary judgment on its third-party complaint for common-law indemnification (*see, Stimson v Lapp Insulator Co.*, 186 AD2d 1052, 1053). Thus, we modify the order by granting that part of defendant's motion for conditional summary judgment on the third-party complaint for common-law indemnification and for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241-a causes of action. (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Balio and Fallon, JJ.