■ RICHARD A. DUKE, Respondent, v EASTMAN KODAK COMPANY, Appellant. [669 NYS2d 991] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied, cross motion granted and first and third causes of action dismissed. Memorandum: On October 8, 1994, plaintiff, an employee of third-party defendant, Youst Painting, Inc., and other members of his paint crew were painting a building owned by defendant. Plaintiff was walking at ground level along the perimeter of the building carrying a cardboard shield to mask overspray on the lower brick portion of the building as a co-worker painted the metal upper portion of the building. While so engaged, plaintiff stepped into the uncovered opening of an access hole to an underground tank. His right leg remained at ground level but his left leg and body went into

the hole. Plaintiff twisted his right knee but he was able to pull himself out and finish work that day.

Thereafter, plaintiff commenced this action, asserting causes of action under Labor Law §§ 200, 240 (1); § 241 (6) and § 241-a. After issue was joined, plaintiff moved for partial summary judgment on liability and defendant cross-moved for partial summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241-a. Defendant appeals from so much of the order of Supreme Court that granted partial summary judgment to plaintiff on his Labor Law § 240 (1) cause of action and denied defendant's cross motion.

The court erred in granting partial summary judgment on plaintiff's Labor Law § 240 (1) cause of action and in denying defendant's cross motion with respect to that cause of action. Plaintiff's fall was not a fall from an elevated worksite within the meaning of section 240 (1) (*see, Riley v Stickl Constr. Co.*, 242 AD2d 936; *Lewis v Corh Assocs.*, 227 AD2d 912; *Mazzu v Benderson Dev. Co.*, 224 AD2d 1009, 1010-1011).

The court also should have granted that part of defendant's cross motion seeking to dismiss the Labor Law § 241-a cause of action. The access hole to the underground tank into which plaintiff fell was not a "hatchway" within the meaning of Labor Law § 241-a. The definition of "hatchway" does not depend upon whether a person can fit into an opening, but whether the opening is used as a means of human access. Here, the hole into which plaintiff fell was an access used to pump out material captured in the underground tank (*see, Bruno v Almar Residences Corp.*, 13 AD2d 232, 234-235, *affd* 11 NY2d 988; *Silvers v E. W. Howell, Inc.*, 129 AD2d 694). We do not consider the contention of defendant that section 241-a does not apply where, as here, a worker falls less than one story (*see, Riley v Stickl Constr. Co., supra*; *Marcellino v Nigro*, 149 AD2d 775, 777) because it is not properly before us (*see, Greene v Xerox Corp.*, 244 AD2d 877; *O'Sullivan v O'Sullivan*, 206 AD2d 960, 961). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.