■ ROBERT TADDEO, Respondent, v 15 WEST 72ND STREET OWNERS CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. JOYCE CONTRACTING Co., Third-Party Defendant-Respondent. [701 NYS2d 643] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated November 17, 1998, which denied its motion for summary judgment on its third-party complaint for common-law indemnification.

Ordered that the order is reversed, on the law, and the motion is granted conditionally in the event of the entry of a judgment awarding damages in favor of the plaintiff and against the defendant third-party plaintiff.

The Supreme Court erred in denying the motion of the defendant third-party plaintiff 15 West 72nd Street Owners Corp. (hereinafter 15 West), for summary judgment on the third-party complaint for common-law indemnification against Joyce Contracting Co. (hereinafter Joyce). After 15 West made out a prima facie case that it was entitled to summary judgment because it did not direct or control the plaintiff's work, Joyce failed to raise a triable issue of fact (*see, Rivera v D'Alessandro,*

248 AD2d 522; *Lopez v 36-2nd J Corp.,* 211 AD2d 667; *Richardson v Matarese,* 206 AD2d 354). Although liability has not been determined in this case, the motion for summary judgment on the third-party complaint for common-law indemnification is not premature and may be granted conditionally (*see, Clark v 345 E. 52nd St. Owners,* 245 AD2d 410; *Rice v PCM Dev. Agency Co.,* 230 AD2d 898). Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.