■ PETE STOURAITIS et al., Respondents, v LONG ISLAND RAILROAD et al., Defendants and Third-Party Plaintiffs-Appellants. POSEIDON PAINTING CORP., Third-Party Defendant-Respondent. [703 NYS2d 748] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, Safway Steel Products, Inc., appeals from an order of the Supreme Court, Queens County (Golia, J.), entered December 3, 1998, and the defendants second third-party plaintiffs Long Island Railroad and Metropolitan Transit Authority separately appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiffs' motion which was for partial summary judgment against them on the issue of liability pursuant to Labor Law § 240 (1), and denied their cross motion for summary judgment on their causes of action for indemnification against the third-party defendant second third-party defendant Poseidon Painting Corp.

Ordered that the appeal by Safway Steel Products, Inc., is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from

by the Long Island Railroad and Metropolitan Transit Authority, with one bill of costs to the respondents appearing separately and filing separate briefs.

Since it is undisputed that at the time of the accident, the injured plaintiff was not using and had not been provided with any safety equipment, the Supreme Court properly granted that branch of the plaintiffs' motion which was for partial summary judgment on the issue of liability against the appellants Long Island Railroad (hereinafter the LIRR) and the Metropolitan Transit Authority (hereinafter the MTA) for failing to provide proper protection as required by Labor Law § 240 (1) (*see, Fresse v City of New York,* 238 AD2d 374; *Dawson v Pavarini Constr. Co.,* 228 AD2d 466, 467; *Edholm v Smithtown Di-Canio Org.,* 217 AD2d 569, 570; *La Lima v Epstein,* 143 AD2d 886, 887-888).

The Supreme Court properly denied that branch of the cross motion of the LIRR and the MTA which was for summary judgment on the causes of action for indemnification in the second third-party action. There are questions of fact as to the extent to which the LIRR and the MTA exercised direction, supervision, and control over the work so as to preclude summary judgment on both the contractual and common-law indemnification causes of action (*see, Dawson v Pavarini Constr. Co., supra,* at 468). A contractual indemnification provision will not be enforced so as to indemnify a party for its own negligence (*see, Dawson v Pavarini Constr. Co., supra,* at 468; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172).

The parties' remaining contentions are without merit. Thompson, J. P., Feuerstein, Schmidt and Smith, JJ., concur.