■ FRANCIS PERKINS et al., Appellants, v KEN LOEWENTHEIL & DAUGHTERS, INC., Respondent, and KEN LOEWENTHEIL RYE BROOK, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. D&G CARPENTERS CONTRACTORS, INC., Third-Party Defendant-Respondent. [723 NYS2d 503] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated January 21, 2000, as denied their motion for summary judgment on the complaint on the issue of liability under Labor Law § 240 (1), and the defendant third-party plaintiff Ken Loewentheil Rye Brook, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment on its third-party complaint for common-law and contractual indemnification.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable to the appellants and the respondent-appellant by the third-party defendant-respondent, and the motion and cross motion are granted.

The plaintiff Francis Perkins, a carpentry laborer, allegedly sustained injuries when he fell through an open, unfinished stairwell while working in a house under construction. The plaintiffs commenced the instant action against, among others, the owner, Ken Loewentheil Rye Brook, Inc. (hereinafter KLRB), *inter alia*, pursuant to Labor Law § 240 (1). KLRB brought a third-party action against the plaintiffs' employer, D&G Carpenters Contractors, Inc. (hereinafter D&G), for, among other things, common-law and contractual indemnification.

The plaintiffs demonstrated their entitlement to judgment as a matter of law on their cause of action to recover damages pursuant to Labor Law § 240 (1). The plaintiff Francis Perkins established that he was injured while working at a building which was under construction, that he fell through an open, unfinished stairwell, and that he had not been provided with any safety devices to prevent or break his fall. In response, KLRB and the defendant Ken Loewentheil & Daughters, Inc., failed to raise a triable issue of fact (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Aiello v Rockmor Elec. Enters.,* 255 AD2d 470; *Schneider v Hanover E. Estates,* 237 AD2d 274).

Additionally, after KLRB established its entitlement to judgment as a matter of law, D&G failed to raise a triable issue of fact. The record does not support D&G's claim that KLRB supervised and controlled the worksite (*see, Taddeo v 15 W. 72nd St. Owners Corp.,* 268 AD2d 468). Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.